# LEWIS JOHS
Lewis Johs Avallone Aviles, LLP

Counsellors at Law

May 16, 2019

**Via ECF**
The Hon. Kevin P. Castel
United States Court – Southern District of New York
500 Pearl Street – Room 11D
New York, NY 10007

> Re:  Ousmane Bah v. Apple Inc. and Security Industry Specialists
> Our Client: Security Industry Specialists
> Docket No.: 19 cv 3539
> Pre Trial Conference: June 18, 2019, 11:00 a.m.
> LJAA File No.: 0270-1037-NY00

*[Handwritten note:] Plaintiff shall file a letter on ECF by May 24 stating unambiguously and unequivocally whether plaintiff wishes to amend the complaint to address the purported deficiencies set forth on the May 16 letter. SO ORDERED. [signature] USDJ 5-17-19*

Your Honor:

This office represents the defendant, Security Industry Specialists ("SIS") in the above-referenced matter. This letter is written pursuant to Your Honor's Rule 3(A) seeking leave to file, and setting forth a proposed briefing schedule for, a motion to dismiss the Complaint pursuant to Rule 12(b)(6). There is an initial pretrial conference scheduled for June 18, 2019.

According to the Complaint, this matter pertains to the alleged false identification of the plaintiff as the perpetrator of numerous thefts at Apple stores throughout the Northeast in mid to late 2018. Our client, SIS, provides security services at the identified Apple stores.

The grounds upon which the defendant will seek to dismiss each cause of action in the complaint will be addressed below. Respectfully however, it is also our position that the two purported primary facts upon which the claims are based are unfounded and outrageous.

The causes of action are all based upon the contention that the defendant (and as will explained, the complaint fails to adequately plead to which defendant each allegation is addressed) accepted as a form of identification a lost interim New York State driver's license. Although such form of identification may have been presented and relied upon by law enforcement to incorrectly identify Mr. Bah to the defendant(s), no such document was presented to any SIS employee at any Apple store or accepted as definitive proof of identity. Indeed, the Complaint is silent as to any particularity of the date, time, location of such act or the employee of SIS to whom this identification was presented.

The Complaint also offers a lengthy summary of articles from various non legal websites which discuss Apple's facial recognition technology as it relates to replacing fingerprint "touch ID" to unlock and secure an individual's smartphone or other mobile device. The plaintiff then makes the unfounded leap to allege that such facial recognition technology is also currently employed as a method of surveillance within the Apple stores and was used to identify the individual previously identified as Mr. Bah. This, too is patently false.

Ousmane Bah v. Apple Inc. and Security Industry Specialists
Docket No.: 19 cv 3539
May 16, 2019
Page 2

**LEWIS JOHS**
Lewis Johs Avallone Aviles, LLP

Counsellors at Law

The defendant seeks leave to move to have the first three and half pages of the Complaint stricken pursuant to **FRCP Rule 12(f)(2)**. We also intend to move pursuant to Rule 12(f) to dismiss the third and fourth prayers for injunctive relief which pertain, incorrectly, to "addressing the mistake of stored data in its facial recognition technology" (¶3) and broadly to "ceas[e] all behavior that can lead to falsely implicating innocent individuals of crimes perpetrated against it." (¶4).

To prevail on a motion to strike under Rule 12(f), the movant must show: no evidence in support of the allegations would be admissible; the allegations have no bearing on the relevant issues; and permitting the allegations to stand would result in prejudice to the movant. *Hunter v. Palisades Acquisition XVI, LLC*, 2017 WL 5513636 *1, *9 (S.D.N.Y. 2017).

Here, the paragraphs both in the first pages of the complaint, as well as within the Factual Allegation subheading (i.e. ¶22) rely upon an alleged hearsay statement of "suspected" facts by a non-party. Also, the opening paragraphs have no bearing on the asserted state law claims, which do not in any manner involve security of individual iPhones. Further, those opening [unnumbered] paragraphs are essentially an opinion piece, with links to non-parties' opinions at assorted web sites, replete with inflammatory references to "Orwellian" technology. The concluding request for one billion dollars in damages (reiterated in the Prayer for Relief) reveals that the Complaint as drafted does not seek simply to provide notice to the Court or to the defendants of the claims but is instead drafted with "scandalous" matter to garner unfavorable outside attention to the defendants. A motion pursuant to Rule 12(f) to strike scandalous matter is aimed at avoiding such prejudice to a party or giving the allegations unnecessary notoriety. *Lynch v. Southampton Animal Shelter Foundation, Inc.*, 278 F.R.D. 55 (E.D.N.Y. 2011).

We also intend to move to dismiss on the grounds that those opening first pages of the complaint run afoul of the pleading requirement of **FRCP Rule 8(a)(2)**. Those opening paragraphs fail to provide a short and plain statement of the claims. Further, the paragraphs fail to comply with **FRCP Rule 10(b)** in that they are not numbered, nor are they limited to a single set of circumstances. A complaint that fails to comply with this pleading rule " 'presents far too heavy a burden in terms of defendants' duty to shape a comprehensive defense...'" *Hudson v. Artuz*, 1998 WL 832708 *1, *2 (S.D.N.Y. 1998), citations omitted.

We intend to move to dismiss each of the individual seven causes of action pursuant to **Rule 8**. "Rule 8 of the FRCP requires that each claim against each defendant must be set forth in separate counts..." *Fisher v. Rodriguez*, 2017 WL 71651 *1, *2 (U.S.D.C., D. Conn. 2017). The headings of each of the seven causes action fail to identify either Apple or SIS. Adding to the confusion, within the body of each cause of action, the plaintiff only makes references to a [singular] "defendant", without any further specification as to which defendant the respective claim is directed.

Ousmane Bah v. Apple Inc. and Security Industry Specialists
Docket No.: 19 cv 3539
May 16, 2019
Page 3

**LEWIS JOHS**
Lewis Johs Avallone Aviles, LLP
Counsellors at Law

We also seek leave to move to dismiss each cause action, with prejudice, as insufficiently plead under **Rule 12(b)(6)**. As explained, even if given leave to re-plead, the plaintiff cannot put forth viable claims under existing law.

As to the First Cause of Action, Negligence, the claim is based on the purported breach of a "duty to carefully and accurately identify perpetrators of crime..." (¶36). This essentially is a claim for failure to investigate. It is then alleged that this led to the plaintiff being charged with multiple crimes of larceny (¶38). This is essentially a claim for negligent prosecution. However, even against private security companies, "there is no cause of action in the State of New York sounding in negligent prosecution or investigation." *Coleman v. Corporate Loss Prevention Associates, Inc.*, 282 A.D.2d 703 (2nd Dept. 2001). Further, the complaint also fails to reference any fact as to when, how or to whom the interim permit was presented and accepted as proof of identity.

As to the Second Cause of Action, Intentional Infliction of Emotional Distress, the elements of a claim are: 1) extreme and outrageous conduct; 2) an intent to cause severe emotional distress; 3) a causal connection between the conduct and the injury; and 4) severe emotional distress. *Smalls v. Allstate Insurance Co.*, 396 F.Supp.2d 364, 375 (S.D.N.Y. 2005). The Complaint fails to plead any such extreme and outrageous conduct. The gravamen of the claim is that false accusations were made [to the police] (¶50). Even if taken as true, "allegations of providing false information to the police do not suffice.. [and are] insufficiently outrageous to sustain a claim of intentional infliction of emotional distress". *Rivers v. Towers, Perrin, Forster & Crosby, Inc.* 2008 WL 817852 *1, *8 (E.D.N.Y. 2009). The Complaint also fails to allege any "intent" to cause distress.

As to the Third Cause of Action, Negligent Infliction of Emotional Distress, under New York Law, "negligent infliction of emotional distress requires the same standard of 'extreme and outrageous conduct' as does intentional infliction of emotional distress..[and] there must be 'a breach of duty owed to plaintiff which either unreasonably endangers the plaintiff's physical safety or causes the plaintiff to fear for his or her own safety'" *Rivers, supra* at *10, citations omitted. Not only has the plaintiff failed to plead any such outrageous conduct, but nowhere is it plead that the plaintiff's physical well being was ever placed in, or feared to be in, jeopardy.

As to the Fourth, Fifth and Sixth Causes of Action (Defamation, Libel and Slander), to state a claim plaintiff must establish: 1) that a defamatory statement of fact was made concerning plaintiff; 2) that the defendant published that statement to a third-party; 3) that the statement was false; 4) that there exists some degree of fault; and 5) that there are special damages or that the statement is defamatory *per se*. *Ello v. Singh*, 531 F.Supp.2d 552, 575 (S.D.N.Y. 2007). A pleading is only sufficient if it adequately identifies the purported communication and an indication of who made the statement and to whom it was communicated. *Id* at 576. In the instant matter, aside from boilerplate assertions, the plaintiff fails to state with any particularity the wording, timing, location, speaker/author and/or recipient of any alleged statements. Further, as acknowledged in the complaint, the plaintiff must show that the statements were not protected by privilege. Statements made by individuals to law enforcement officers are generally afforded

Ousmane Bah v. Apple Inc. and Security Industry Specialists
Docket No.: 19 cv 3539
May 16, 2019
Page 4

**LEWIS JOHS**
Lewis Johs Avallone Aviles, LLP

Counsellors at Law

a qualified privilege. *Nevin v. Citibank, N.A.*, 107 F.Supp.2d 333, 344 (S.D.N.Y. 2000). The complaint fails to plead any basis by which this privilege is overcome.

As to the Seventh Cause of Action, Fraudulent Concealment, such a claim is subject to the heightened pleading requirements under **FRCP 9(b)** and must state with particularity the circumstances constituting fraud or mistake. To satisfy the requirement of Rule 9, a claim must: 1) specify the statements that the plaintiff contends were fraudulent; 2) identify the speaker; 3) state where and when the statements were made; and 4) explain why the statements were fraudulent. *Tuosto v. Phillip Morris USA Inc.*, 672 F.Supp.2d 350,359 (S.D.N.Y. 2009).

The complaint identifies an "agent" of "defendant", "Greg C." but does not indicate for which defendant this agent allegedly worked. The complaint also fails to state where and when (and by what method) any alleged fraudulent statements were made.

Further, under New York law, to state a claim for fraudulent concealment, a plaintiff must allege: 1) a material misrepresentation or omission of fact; 2) made by defendant with knowledge of its falsity; 3) an intent to defraud; 4) reasonable reliance on the part of the plaintiff; and 5) resulting damage to the plaintiff. *Tuosto, supra* at 362. Moreover, "a cause of action sounding in fraud must allege that the defendant knowingly misrepresented or concealed a material fact for the purpose of inducing another party to rely on it…". *Kampuries v. American Honda Motor Co., Inc.* 204 F.Supp3d 484, 492 (E.D.N.Y. 2016).

At the outset, the release of the surveillance video is a matter of disclosure, not a "material fact". The complaint also acknowledges that video surveillance was in fact released to the District Attorneys office and that the charges against the plaintiff were dismissed. As such, the plaintiff has not plead any viable damages.

### Proposed Briefing Schedule

This matter is currently scheduled for a pretrial conference on June 18, 2019. It is respectfully requested that this June 18, 2019 conference be converted into a pre-motion conference (or of course that such a conference be set for any other date which the court directs) or, if no pre-motion conference is required, that the pretrial conference be adjourned pending the outcome of the motion.

Defendant submits the following proposed briefing schedule:

-deadline for moving briefs -         June 19, 2019
-deadline for opposition briefs -     July 12, 2019
-deadline for reply briefs -          July 26, 2019

Ousmane Bah v. Apple Inc. and Security Industry Specialists
Docket No.: 19 cv 3539
May 16, 2019
Page 5

**LEWIS JOHS**

Lewis Johs Avallone Aviles, LLP

Counsellors at Law

Thank you for your consideration.

Respectfully submitted,

David L. Metzger
dlmetzger@lewisjohs.com
*New York City Office*

DLM:gr

cc: all counsel of record via ECF