**MORRISON | FOERSTER**

250 WEST 55TH STREET
NEW YORK, NY 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BOSTON,
BRUSSELS, DENVER, HONG KONG,
LONDON, LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

*[Handwritten annotation:] Plaintiff shall file a letter of response stating unequivocally and unambiguously whether plaintiff wish to amend the complaint to address any of the purported pleading deficiencies. Letter to be filed by May 28. SO ORDERED /s/ [signature] USDJ 5-20-19*

May 16, 2019

Writer's Direct Contact
+1 (212) 468.8049
CCohen@mofo.com

**Via ECF**

The Honorable P. Kevin Castel
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

[RECEIVED MAY 20 2019 CHAMBERS OF P. KEVIN CASTEL U.S.D.J.]

Re:   *Bah v. Apple Inc., et al.*, No. 1:19-cv-03539 (PKC)

Dear Judge Castel:

We represent Apple Inc. ("Apple"), a defendant in the above-referenced action. Pursuant to Rule 3.A of the Court's Individual Practices in Civil Cases, we respectfully write to set forth the legal and factual basis for Apple's anticipated motion to strike portions of the Complaint under Rule 12(f) of the Federal Rules of Civil Procedure and to dismiss Plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as well as Apple's potential sanctions motion pursuant to Rule 11 of the Federal Rules of Civil Procedure. As fully set forth below, based on false and inflammatory allegations regarding Apple's purported use of facial recognition technology in connection with its in-store security, Plaintiff asserts frivolous claims and seeks an exorbitant amount of damages ($1 billion) for his allegedly wrongful arrest(s) by local law enforcement for shoplifting at Apple retail stores. Given the serious deficiencies in Plaintiff's Complaint and the baseless allegations contained therein, Apple respectfully requests that the Court hold a pre-motion conference, either before, or in lieu of, the initial conference currently scheduled for June 18, 2019, as that initial conference otherwise would trigger the parties' Rule 26 obligations (including the obligation to meet to discuss a discovery plan no later than May 28, 2019), all of which are premature in light of Plaintiff's unfounded claims that should be dismissed without the need for any discovery.[1]

---

[1] A pre-motion conference is especially important here because Plaintiff's counsel already has served third-party subpoenas in this case in violation of Rule 26 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."). After we advised Plaintiff's counsel that serving the subpoenas this early in the case was improper, he withdrew the subpoenas, but the initial service of the subpoenas further supports the need for a pre-motion conference as soon as the Court's schedule permits.

ny-1646205

# MORRISON | FOERSTER

The Honorable P. Kevin Castel
May 16, 2019
Page Two

1. <u>Case Summary and Background</u>

This case relates to a string of thefts from various Apple retail stores perpetrated by an unknown individual ("FNU LNU"), who falsely identified himself as Ousmane Bah, Plaintiff's name, and during at least one arrest provided as identification Plaintiff's interim learner driver's permit (which the Complaint alleges Plaintiff previously lost). FNU LNU's use of Plaintiff's identity upon these two arrests led to an additional arrest of Plaintiff by the New York City Police Department ("NYPD") for thefts from an Apple retail store in Staten Island. We understand that the New York City case against Plaintiff has been dismissed (as well as at least one case in another jurisdiction) and that FNU LNU now has been arrested by the NYPD in connection with the Staten Island theft.

Plaintiff's claims against Apple—for negligence, defamation, slander, libel, intentional and negligent infliction of emotional distress, and fraudulent concealment—all rest upon irresponsibly speculative and false allegations that Apple somehow used facial recognition technology to associate Plaintiff's name with FNU LNU's crimes, which it did not. (Compl. at 1, n.1, ¶¶ 19, 21-22.) Plaintiff's false and inflammatory allegations—which include that Apple "track[s] individuals" and fosters "the type of Orwellian surveillance that consumers fear" (*Id.* at 1, n.1.)—lack a scintilla of factual support, fail to satisfy basic pleading standards, and call into question whether Plaintiff's counsel complied with his obligation to engage in a reasonable inquiry of the facts before filing this lawsuit. *See* Fed. R. Civ. P. 11(b). Moreover, even if Plaintiff's outlandish allegations were true—and they are not—they could not support a claim against Apple under well-settled New York law.

2. <u>Apple Does Not Use Facial Recognition Technology For In-Store Security</u>

   A. *The Allegations Regarding Apple's Face ID Technology Are Irrelevant and Should be Stricken Under Rule 12(f) of the Federal Rules of Civil Procedure*

Under Rule 12(f) of the Federal Rules of Civil Procedure, "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." While courts are generally reluctant to grant motions to strike, "allegations may be stricken if they have no real bearing on the case, will likely prejudice the movant, or where they have criminal overtones." *G-I Holdings, Inc. v. Baron & Budd*, 238 F. Supp. 2d 521, 555-56 (S.D.N.Y. 2002); (granting motion to strike where allegations were "amorphous, unspecific and [could] not be defended against," and "harm[ed] [the moving party] in the public eye and could influence prospective jury members"). A party may prevail on a motion to strike under Rule 12(f) of the Federal Rules of Civil Procedure where the allegations "have no bearing on the relevant issues"; and "permitting the allegations to stand would result in prejudice to the movant." Fed. R. Civ. P. 12(f). Here, Plaintiff's allegations regarding Apple's Face ID

ny-1646205

MORRISON | FOERSTER

The Honorable P. Kevin Castel
May 16, 2019
Page Three

technology and its prayer for relief seeking "injunctive relief instructing Defendant to cease all behavior that can lead to falsely implicating individuals of crimes" should be stricken on that basis.

Despite devoting pages of his Complaint to discussing Apple's Face ID technology, which enables Apple users to unlock their personal devices using facial recognition technology, Plaintiff does not allege that Apple somehow uses this technology to identify consumers or shoplifters in its retail stores. And, to be clear, Apple does no such thing. To the contrary, user privacy is central to Apple's mission and policies, which set forth that a user's Face ID data is encrypted and "never leaves the [user's] device." (*See* November 2017 Face ID Security White Paper, at 3, available at https://www.apple.com/business/site/docs/FaceID_Security_Guide.pdf.)[2]
In fact, Plaintiff's own allegations explain—at least generally—how his name and address became associated with the face and conduct of FNU LNU: ***The perpetrator falsely identified himself as Plaintiff, either verbally, or using Plaintiff's interim driver's permit, which Plaintiff concedes that he lost.*** (Compl. ¶¶ 12, 22, 25, 31.)

Plaintiff's allegations about Apple's Face ID technology, therefore, "have no real bearing" on the relevant issues. Instead, they appear to have been included in the Complaint as part of an orchestrated ploy by Plaintiff and his counsel to generate negative publicity about Apple in order to induce Apple to pay significant damages to Plaintiff despite the frivolous nature of his claims. This improper motive is further supported by inflammatory materials published on Plaintiff's counsel's website, including "exclusive video" purportedly from an Apple store, which Plaintiff's counsel claims "exonerates" his client and supports his false claims that Apple uses facial recognition technology for in-store security. Prior to filing this letter, we contacted Plaintiff's counsel and informed him that Apple does not use facial recognition technology in connection with its in-store security but he refused to amend the Complaint or explain any valid basis for including such allegations. Accordingly, Apple intends to move to strike the irrelevant and prejudicial portions of the Complaint regarding Apple's Face ID technology and facial recognition technology and may seek sanctions against Plaintiff and his counsel.

---

[2] The Court may take judicial notice of such information because it is published online and "the authenticity of the site has not been questioned." *Hotel Emps. & Rest. Emps. Union, Local 100 of New York, N.Y. & Vicinity, AFL CIO v. City of New York Dep't of Parks & Recreation*, 311 F.3d 534, 549 (2d Cir. 2002); *Cunningham v. Cornell Univ.*, No. 16-cv-6525 (PKC), 2017 U.S. Dist. LEXIS 162420, *11 (S.D.N.Y. Sept. 29, 2017) (taking judicial notice of various online documents, including university's investment policy statement).

ny-1646205

MORRISON | FOERSTER

The Honorable P. Kevin Castel
May 16, 2019
Page Four

### B. Plaintiff's Other Allegations About Facial Recognition Technology Are False and Do Not Support a Plausible Claim for Relief

Even though Apple bears no responsibility for Plaintiff's seemingly wrongful arrest and any criminal charges that may have been or still are pending against him in connection with those arrests, Plaintiff seeks to hold Apple responsible for them. Plaintiff appears to allege that Apple somehow linked Plaintiff's name to other shoplifting offenses, "presumably" using facial recognition technology that purportedly "scans consumers' faces" and matches them against "a list of suspects." (Compl. ¶ 22 n.5; *see also* ¶¶ 19, 38.) Plaintiff offers no actual factual support for this speculation, which is not true, and instead relies on a statement purportedly made (and later contradicted) by a NYPD detective—who has no basis to know how Apple or Defendant SIS performs in-store security—that Apple or Defendant SIS "identifies suspects of theft using facial recognition technology." (Compl. ¶ 22.)

In truth and in fact, facial recognition technology plays no role in Apple's in-store security measures, including by its third-party security firm, Defendant SIS. Plaintiff's claims and his basic theory of liability amount to pure conjecture, which cannot form the basis of a viable cause of action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a claim is subject to the "plausibility standard," which requires "more than a sheer possibility that a defendant has acted unlawfully"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (dismissal warranted where a plaintiff has "not nudged [his] claims across the line from conceivable to plausible"). As a result, Plaintiff's claims are insufficiently pleaded and cannot survive a motion to dismiss. *See, e.g., JBCHoldings NY, LLC v. Pakter*, 931 F. Supp. 2d 514, 527 (S.D.N.Y. 2013) (dismissing action that "offered nothing but conjecture and speculation to support their belief about defendants' culpability").

### 3. Plaintiff's Claims Against Apple Also Fail as a Matter of Law

Another glaring deficiency in the Complaint is that it consistently refers to "Defendant" without differentiating between Apple and its third-party security firm, Defendant SIS. Accordingly, it is difficult to ascertain Plaintiff's alleged theory of liability, and more importantly the Complaint "fail[s] to satisfy [the notice pleading standard of Rule 8]." *Atuahene v. City of Hartford*, 10 Fed. App'x 33, 34 (2d Cir. 2001) (notice insufficient where plaintiff "lump[s] all the defendants together in each claim and provid[es] no factual basis to distinguish their conduct . . . ."). This deficiency standing alone will be sufficient grounds for Apple's motion to dismiss the Complaint in its entirety.

In addition, Apple's other grounds for its anticipated motion to dismiss will support a dismissal *with prejudice* because Plaintiff's claims cannot be saved by adding detail to rectify the deficiencies. Where the "problem with . . . causes of action is substantive[,] better

ny-1646205

MORRISON | FOERSTER

The Honorable P. Kevin Castel
May 16, 2019
Page Five

pleading will not cure it" and leave to amend is futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Here, for the reasons more fully set forth below, all of the claims fail as a matter of law and dismissal with prejudice is warranted.

### A. Plaintiff's Negligence Claim Fails as a Matter of New York Law

The crux of Plaintiff's negligence claim is that Apple "negligently" accepted as valid FNU LNU's false identification. (Compl. ¶¶ 35-37.) Notably, throughout the Complaint, Plaintiff repeatedly ascribes responsibility to Apple for actions that are firmly within the ambit of law enforcement personnel and prosecutors, including alleging that Apple "failed to properly identify the perpetrator of crimes" before "filing multiple criminal complaints against him." (Compl. at 1, ¶ 61.) For this reason, as well as others that can be addressed more fully in Apple's anticipated motion papers, Plaintiff cannot satisfy even a single element of a negligence action (duty, breach, harm, and proximate cause).[3]

The Court need not engage in that analysis here, however, because New York law specifically bars claims for negligent investigation or prosecution, as a matter of public policy, and that is the type of negligence claim Plaintiff asserts against Apple. *See, e.g. Mitchell v. Cty. of Nassau*, No. 05-CV-4957 (SJF)(WDW), 2007 U.S. Dist. LEXIS 38711, at *41-44 (E.D.N.Y. May 24, 2007) ("As a matter of public policy, New York does not recognize a claim for negligent investigation and prosecution."); *Jenkins v. City of New York*, No. 91 Civ. 3539, 1992 U.S. Dist. LEXIS 8279, at *23 (S.D.N.Y. June 15, 1992) ("there is no cause of action in the State of New York for negligent prosecution or investigation"); *Paul v. Bank of Am. Corp.*, No. 09-CV-1932, 2011 U.S. Dist. LEXIS 15569, at *6 (E.D.N.Y. Feb. 16, 2011) (no cause of action for negligent investigation). This principle applies with equal force in cases alleging that a private defendant negligently investigated conduct before providing a report to police. *Baez v. Jetblue Airways Corp.*, 09-CV-596 (CPS)(SMG), 2009 U.S. Dist. LEXIS 67020, at *18 (E.D.N.Y. Aug. 3, 2009) (dismissing negligence claim against airline and its employee, who made a potentially inaccurate report to law enforcement); *see also Paul*, 2011 U.S. Dist. LEXIS 15569, at *9-10 (dismissing negligence claim against bank that confused plaintiff's data with another customer's and reported plaintiff to the police for fraud). In no way does the Complaint support the conclusion that Apple was negligent, but even if that were the case, Plaintiff's claims fail as a matter of law.

Moreover, by styling his claim as one for negligence, Plaintiff impermissibly attempts to "circumvent the well-established requirements of the false arrest and malicious prosecution causes of action." *Jenkins*, 1992 U.S. Dist. LEXIS 8279, at *24 (stating that parties cannot avoid the stringent requirements of those claims "by inventing new theories of

---

[3] *Stagl v. Delta Airlines, Inc.*, 52 F.3d 463, 467 (2d Cir. 1995) (citing *Solomon v. City of New York*, 66 N.Y.2d 1026, 1027, 489 N.E.2d 1294, 499 N.Y.S.2d 392 (1985)) (elements of a negligence claim).

ny-1646205

MORRISON | FOERSTER

The Honorable P. Kevin Castel
May 16, 2019
Page Six

negligence"). And while New York does allow those two causes of action to proceed against private parties in limited circumstances, neither claim is viable against Apple based on the facts alleged. *See Vlach v. Staiano*, 604 Fed. App'x 77, 78-79 (2d Cir. 2015) ("When police independently act to arrest a suspect on information provided by a party, that party is not liable for false imprisonment [i.e. arrest] — even if the information provided is later found to be erroneous."). Accordingly, Plaintiff's negligence claim fails as a matter of law.

### B. Plaintiff Fails to State a Viable Claim for Defamation, Slander, or Libel

Plaintiff asserts three separate claims for defamation, slander, and libel, though it is unclear how Plaintiff's general "defamation" claim differs from his claims for slander or libel. Indeed, New York courts state that defamation, itself, consists of "the twin torts of libel and slander," both of which require a plaintiff to show the same general elements—(1) a defamatory statement of fact (written for libel and spoken for slander); (2) that is false; (3) published to a third party; (4) "of and concerning" the plaintiff; (5) made with the applicable level of fault on the part of the speaker; (6) either causing special harm or constituting defamation *per se*; and (7) not protected by privilege. *Neal v. Asta Funding, Inc.*, 13Civ. 2176 (VB), 2014 U.S. Dist. LEXIS 113142, *5 (S.D.N.Y. June 17, 2014) (citing *Celle v. Filipino Reporter Enters. Inc.*, 209 F.3d 163, 176 (2d Cir. 2000)). No matter which type of defamation claim Plaintiff intends to pursue against Apple, his claims cannot survive a motion to dismiss for two primary reasons.

First, Plaintiff does not identify a single defamatory statement made by anyone—let alone someone affiliated with Apple. *See, e.g., Reilly v. Natwest Markets Group Inc.*, 181 F.3d 253, 271 (2d Cir. 1999) (a complaint must afford a defendant "sufficient notice of the communications complained of to enable it to defend itself"); *Biomed Pharm., Inc. v. Oxford Health Plans (N.Y.), Inc.*, 775 F. Supp. 2d 730, 739 (S.D.N.Y. 2011) ("a pleading is only sufficient if it adequately identifies the purported communication and provides an indication of who made the communication, when it was made, and to whom it was communicated").

Second, the only possible "defamatory statements" to which Plaintiff alludes are ones that are privileged and cannot give rise to defamation claims (including defamation *per se* claims) as a matter of law. While far from clear, Plaintiff appears to allege that Apple or Defendant SIS or both made false statements in unspecified "court proceedings," (Compl. ¶¶ 68, 77), and reported Plaintiff's name to the police in connection with various thefts. (Compl. ¶ 18) ("Defendant was the complaining witness in all of the criminal matters" pending against Plaintiff); (Compl. ¶ 46) ("Defendant's actions . . . implicat[ed] [Plaintiff] in multiple crimes"). Statements made in either such context, however, are privileged under New York law and cannot form the basis of a defamation claim. *See Toker v. Pollak*, 44 N.Y.2d 211, 218 (N.Y. 1978) ("public policy mandates that certain communications, although defamatory, cannot serve as the basis for the imposition of liability in a defamation

MORRISON | FOERSTER

The Honorable P. Kevin Castel
May 16, 2019
Page Seven

action"); *Shred-It USA, Inc. v. Mobile Data Shred*, 222 F. Supp. 2d 376, 380 (S.D.N.Y. 2002), *aff'd*, 92 Fed. App'x 812 (2d Cir. 2004) ("Statements made to the police in a reasonable manner and for a proper purpose are entitled to a qualified privilege [requiring a showing of malice to overcome]."); *Aequitron Med., Inc. v. Dyro*, 999 F. Supp. 294, 297-298 (E.D.N.Y. 1998) (citing *O'Brien v. Alexander*, 898 F. Supp. 162, 171 (S.D.N.Y. 1995) (absolute privilege applies to statements made in the context of legal proceedings, as long as "they are pertinent to the litigation")).

Plaintiff bears the burden of pleading that any defamatory statements made were not privileged. *See Fleming v. Laakso*, 18-CV-1527 (RA) (BCM), 2019 U.S. Dist. LEXIS 19565, at *24 (S.D.N.Y. Feb. 5, 2019) ("Because the absence of an applicable privilege is an element of [defamation, slander, and libel] in New York, a plaintiff must affirmatively allege that the defamatory statement was not privileged."). He has failed to do that here, nor could he, based on the facts alleged. For that reason alone, Plaintiff's defamation, slander, and libel claims should be dismissed.

C. Plaintiff's Claims for Intentional and Negligent Infliction of Emotional Distress Fail

Plaintiff's claims for intentional and negligent infliction of emotion distress rely upon the very same allegations that comprise Plaintiff's defamation claims—namely that Apple made "false accusations" against Plaintiff. (Compl. ¶¶ 49-50, 62.) "New York cases have held that a separate cause of action for what are essentially defamation claims should not be entertained." *Anyanwu v. Columbia Broad. Sys., Inc.*, 887 F. Supp. 690, 693 (S.D.N.Y. 1995) (dismissing claims as duplicative); *see also Chaiken v. VV Publ'g Corp.*, 119 F.3d 1018, 1034 (2d Cir. 1997) ("[The plaintiffs] cannot avoid the obstacles involved in a defamation claim by simply relabeling it as a claim for intentional infliction of emotional distress."). Accordingly, Plaintiff's duplicative claims cannot survive a motion to dismiss.

In addition, Plaintiff's allegations do not satisfy the high threshold for sufficiently pleading claims for intentional or negligent infliction of emotional distress. Under New York law, both claims require a showing of "extreme and outrageous conduct," which must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Green v. City of Mt. Vernon*, 96 F. Supp. 3d 263, 297-298 (S.D.N.Y. 2015) (internal citations omitted). At most, Plaintiff alleges that Apple linked Plaintiff's name with shoplifting offenses, based on false information provided by the actual suspect, FNU LNU. Even if true, that conduct falls far short of the type of "outrageous" conduct required to state a claim for intentional or negligent infliction of emotional distress. *See, e.g., Druschke v. Banana Republic, Inc.*, 359 F. Supp. 2d 308 (S.D.N.Y. 2005) (conduct not outrageous where an employee at a retail store accused a customer of trying to fraudulently return merchandise,

MORRISON | FOERSTER

The Honorable P. Kevin Castel
May 16, 2019
Page Eight

leading to the customer's arrest). Plaintiff's claims for negligent and intentional infliction of emotional distress thus should be dismissed.[4]

### D. Plaintiff Fails to State a Claim for Fraudulent Concealment

Plaintiff's fraudulent concealment claim is deficient for several reasons, including for failure to allege fraudulent intent and failure to satisfy the heightened pleading standards of Rule 9(b) of the Federal Rules of Civil Procedure, which require Plaintiff to "allege the time, place, speaker and sometimes even the content of the alleged misrepresentation." *LightSquared Inc. v. Deere & Co.*, 13 Civ. 8157 (RMB), 2015 U.S. Dist. LEXIS 14412, *42-44 (S.D.N.Y. Feb. 5, 2015) (citing *Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 579 (2d Cir. 2005)). But, put most simply, Plaintiff impermissibly attempts to bring a fraudulent concealment claim against Apple for an alleged failure to produce surveillance video in connection with a Massachusetts criminal proceeding, to which Apple was not a party. (Compl. ¶¶ 16, 91.)

These allegations have no place in this lawsuit. Plaintiff's vague allegations do not connect Apple to the alleged misconduct, but even if they did, an alleged failure to produce certain information in a court proceeding does not give rise to a cause of action for fraudulent concealment in New York. *See Ortega v. City of New York*, 9 N.Y.3d 69 (2007) (stating that traditional remedies are adequate to deter spoliation, and declining to recognize an independent tort claim for alleged spoliation); *Kamdem-Ouaffo v. Balchem Corp.*, 17-CV-2810 (KMK), 2018 U.S. Dist. LEXIS 157265, *58-59 (S.D.N.Y. Sept. 14, 2019) (dismissing fraudulent concealment claim based on defendant's alleged failure to produce video footage of an accident because "traditional remedies are sufficient to deter spoliation" and "[the] plaintiff may not employ independent causes of action based on the alleged violations"). Thus, Plaintiff's fraudulent concealment claim also should be dismissed.

### 4. Proposed Briefing Schedule

As set forth at the outset of this letter, Apple respectfully requests a pre-motion conference to discuss its anticipated motion, as well as a sensible briefing schedule that may include time for Apple to bring a sanctions motion before briefing its full motion to dismiss. That sequencing would serve the interests of judicial economy and efficiency by allowing Plaintiff to respond to the sanctions motion—and possibly amend (or withdraw) his Complaint—before Apple moves to dismiss it. In the alternative, Apple proposes the

---

[4] Plaintiff fails to satisfy the other elements of these causes of action, as well, including—for a negligent infliction of emotional distress claim—an allegation that Apple's conduct caused Plaintiff "physical injury or the threat of danger, either to the plaintiff himself or to a close family member." *City of Mt. Vernon*, 96 F. Supp. 3d at 298.

ny-1646205

**MORRISON | FOERSTER**

The Honorable P. Kevin Castel
May 16, 2019
Page Nine

following schedule, to which Defendant SIS consents:

| | |
|---|---|
| <u>Deadline for Moving Briefs:</u> | June 19, 2019 |
| <u>Deadline for Opposition Briefs:</u> | July 12, 2019 |
| <u>Deadline for Reply Briefs:</u> | July 26, 2019 |

Respectfully submitted,

*/s/ Carrie H. Cohen*

Carrie H. Cohen

cc:  All counsel of record (via ECF)

ny-1646205