

68 Jay Street - Suite 201
Brooklyn Heights, NY 11201

OFFICE: (718) 674-1245
FAX: (516) 453-0490

May 28, 2019

VIA CM/ECF

The Hon. Judge P. Kevin Castel
U.S. District Court, Southern District of New York
500 Pearl Street, Courtroom 11D
New York, NY 10007

      Re:    Ousmane Bah v. Apple Corporation and
               Security Information Specialists, Inc.
               Docket No. 1:19-cv-03539 (PKC)

               Plaintiff's Response to Defendants' Letters for Pre-Motion Conference
               And Statement of Intent to Amend

Dear Judge Castel:

      Please consider this letter a response both to each Defendant's pre-motion conference letter and the Court's Order concerning notice of amendment.

      While Plaintiff denies that the Complaint in this Court is "deficient" or that any defect in wording merits its outright dismissal, Plaintiff will add more specificity to his 22-page, 96-paragraph Complaint to leave little doubt in the Court or the parties' minds that Mr. Bah has stated valid legal bases for recovery against the Defendants. Plaintiff proposes to file the Amended Complaint on or before Monday, June 10, 2019. In this Amended Complaint, Plaintiff intends to refine and further detail legal theories of recovery, including additional theories of recovery raised under state laws in each of the four jurisdictions where Defendants' admittedly false charges were levied.

      Since Plaintiff is charged with responding to the Defendants' pre-motion conference letters, we believe it appropriate to set a context for both their memoranda and this litigation.

      1.      Present Context of This Litigation

      As can be gleaned from counsel's letters and the allegations in the Complaint, here are the essential, undisputed elements of Mr. Bah's claim, ***all of which are admitted as true by Defendants in their conference letters***:

The Hon. Judge P. Kevin Castel
District Court, Southern District of New York
Re: Bah v. Apple and Security Information Services
Plaintiff's Conferencing Memorandum

VIA CM/ECF
May 28, 2018
Page 2

1. Apple Corporation (hereafter, "Apple") and its store security company, Security Information Specialists (hereafter, "SIS"), have accused Ousmane Bah with felony grand theft from its stores in Connecticut (May 2018); and not only accused but criminally charged him in Paramus, New Jersey (May 24, 2018); in Boston, Massachusetts (May 29, 2018); in Freehold, New Jersey (September 2018); and multiple stores in New York (November 2018). *This is not disputed.*

2. Apple and SIS admitted to the Court in their conference letters (but not the public) that after repeatedly charging my client for these incidents and refusing to clear him for more than a year, Mr. Bah did not commit these thefts, and that in every case, they misidentified him as the thief. *This is conceded in Apple's conference letter on the second page.*

3. Despite their knowledge, and *to this day*, Apple and SIS have never withdrawn, either privately or publicly, the felony charges they sought against Mr. Bah, even though both Apple and SIS both admit they were, at minimum, "wrong"[1];

4. Apple and SIS have *never* informed state law enforcement or the Courts in which Mr. Bah was charged that the charges filed against him are based upon faulty identification or that the police have charged the wrong person;

5. In fact, except for the eight-page conference letters filed last week (in which the Defendants identify a "FNU LNU"[2]), have they conceded that Ousmane Bah was innocent of all the crimes with which he was charged;

---

[1] The Amended Complaint will set forth that criminal charges based upon warrants sworn out by Apple and SIS employees remain outstanding in courts in Paramus and Freehold, NJ. Mr. Bah was physically arrested and detained in New York but freed after a NYPD detective noticed that Mr. Bah looked nothing like the thief depicted in Apple's video imaging. In Boston, after Apple first misrepresented that it had deleted the store video (which would have immediately exculpated Mr. Bah), a diligent District Attorney was able to retrieve it five months later and then, after a court appearance in Boston, dismiss the charges. However, as the Amended Complaint to be filed with the Court will detail, in none of these cases did Apple initiate or cooperate in the exoneration of the Plaintiff, the man they had falsely accused.

[2] Apple's contention that the actual felon is "unknown" calls for a suspension of disbelief. They may contend that their decision not to name him in their memorandum was motivated by "discretion."

The Hon. Judge P. Kevin Castel
District Court, Southern District of New York
Re:  Bah v. Apple and Security Information Services
Plaintiff's Conferencing Memorandum

VIA CM/ECF
May 28, 2018
Page 3

6. The only *public* declaration Apple and SIS have made in response to falsely charging an innocent college student with larceny a half dozen times in multiple states is to deny that they have used a specific form of computer-aided facial recognition (specifically, "Face ID") as a means of misidentifying him; *see Apple's conference letter, page 2; see also attached article noting Apple's public comment see* ***Exhibit A;*** and

7. Despite detailed law- and fact-filled conference letters filed by both Defendants, they argue that Mr. Bah's Complaint arising from injury from these false criminal charges admittedly filed by both Defendants is so technically deficient as to require dismissal, because:

    (1) they allege that neither Defendant has sufficient notice to fairly defend against the claims; and

    (2) even though the above essential elements are pled, such admitted-to events do not, *and would never, even after discovery*, provide Mr. Bah with any right to remedy for his injuries.

**If the Defendants are correct, these facts provide no relief to a repeatedly wrongfully accused and innocent person against his accusers.** We do not believe, even as currently pled, that this is the case.

Plaintiff contends that the detailed pleadings of the existing Complaint comply with Rule 8 and the standards for pleading in this Court, and that the pleadings (including the conference letters) show that both Defendants are aware that they have, by their own admissions, injuriously accused Ousmane Bah of multiple felonies that he did not commit.  Plaintiff also contends that Defendants' efforts to dismiss this action based upon a hyper-technical (and somewhat glib) interpretation of the law and to forestall any investigation fall short of the draconian remedy of dismissal before discovery has even started.  Nevertheless, as the Court has provided Plaintiff an

---

Would that they had shown this kind of discretion when they swore out six criminal warrants against Mr. Bah.

The Hon. Judge P. Kevin Castel
District Court, Southern District of New York
Re: Bah v. Apple and Security Information Services
Plaintiff's Conferencing Memorandum

VIA CM/ECF
May 28, 2018
Page 4

opportunity to provide even more clarity concerning the Defendants' tortious behavior, we will accept it.

    2.    Responding to Defendants' Conference Position

    A.    *Defamation Allegations*

Despite the Defendants' objections and concerns, the crux of this Complaint, as much as Defendants mischaracterize its allegations, is not Face ID or facial recognition technology (also known as "FRT," which we will discuss further, below).[3]

**The gravamen of this action is the Defendants' multiple wrongful accusations of Bah as a criminal felon in four different states**. As it currently exists, and applying the requirement under Rule 8 that Plaintiffs' allegations be read "generously," the allegations of the Complaint can easily be found to contain evidence of the Defendants' reckless disregard for the truth of those charges, if only based upon the number of false accusations over time and the Defendants' repeated failure to promptly withdraw them. At the very least, they Defendants' actions provide enough evidence through Apple and SIS' admitted conduct to warrant this Court's and the parties' further inquiry and discovery. *Stukuls v. State of New York*, 42 N.Y.2d 272, 366 N.E.2d 829, 397 N.Y.S.2d 740 (1977).

To begin with, the Defendants incorrectly argues that New York law solely controls the tortious conduct alleged in the Complaint. However, Defendants defamed and wrongfully accused Mr. Bah in four states: Connecticut, New Jersey, Massachusetts, and New York. Each defamation (and the elements to be pled to satisfy the Court's review on substantive law) would therefore be analyzed by the law where each slander and libel

---

[3]    Charging a purported thief by using FRT, which is well documented as unreliable as alleged in the Complaint, however, would by itself constitute "reckless disregard for truth or falsity of the allegation," and as such would not be subject to the privilege. It is further ironic that Defendant Apple urges this Court to disregard Plaintiff's allegations in that regard (which it would ordinarily be required to do under Rule 12(b)(6)) and accept as fact Apple's public reassurances that it does not use "Face ID" anywhere but its phones. This argument ignores the standards for review of a Motion to Dismiss. Moreover, Plaintiff observes that a carefully parsed denial of using "Face ID" in its stores does not contradict Plaintiff's claim that Apple may be utilizing some form of facial recognition technology to identify suspects in its stores, or that they are testing such an application.

The Hon. Judge P. Kevin Castel
District Court, Southern District of New York
Re: Bah v. Apple and Security Information Services
Plaintiff's Conferencing Memorandum

VIA CM/ECF
May 28, 2018
Page 5

occurred. The location where the tort occurs is generally the determining factor in choice of law issues concerning such claims. *Cooney v. Osgood Machinery, Inc.*, 81 N.Y.2d 66, 72, 612 N.E.2d 277, 280, 595 N.Y.S.2d 919, 922 (1993) ("if conflicting conduct-regulating laws are at issue, the law of the jurisdiction where the tort occurred will generally apply because that jurisdiction has the greatest interest in regulating behavior within its borders"). *See also Schultz v. Boy Scouts of America, Inc.*, 65 N.Y.2d 189, 197, 480 N.E. 2d 679, 684, 491 N.Y.S.2d 90, 95 (1985).

The elements of defamation to be proved after discovery and at trial are substantially similar in each state. However, the specificity with which they must be pled in initial pleadings in Connecticut, New Jersey, and Massachusetts are not. In each of these remaining states, a plaintiff need only allege that a defaming party (1) published a statement that (2) was false and (3) caused damage to the plaintiff. For slander, the statement must be relayed orally; for libel, it must be in print. *See See White v. Blue Cross Blue Shield of Massachusetts, Inc.*, 442 Mass. 64, 66, 809 N.E.2d 1034, 1036 (2004). *See also W.J.A. v. D.A.*, 210 N.J. 229, 238 43 A.3d 1148, 1153 (2012). "To establish a prima facie case of defamation, the plaintiff must demonstrate that: (1) the defendant published a defamatory statement; (2) the defamatory statement identified the plaintiff to a third person; (3) the defamatory statement was published to a third person; and (4) the plaintiff's reputation suffered injury as a result of the statement." *Mercer v. Cosley*, 110 Conn. App. 283, 297 (Conn. App. Ct. 2008) citing *Hopkins v. O'Connor*, 282 Conn. 821, 838, 925 A.2d 1030 (2007)..

No specific requirement for pleading either malice or identifying specific defamatory speakers is imposed on plaintiffs in those states. Thus, the Massachusetts, New Jersey, and Connecticut defamatory actions are appropriately pled and should be allowed to proceed based on the facts already alleged. Since Plaintiff can easily do so, Plaintiff will cure both potential technical defects as to the New York claim in the amended complaint.[4]

---

[4] As far as Plaintiff's counsel is aware, the New York specificity requirements are unique to this state. The Court could dismiss the New York claims *ab initio* (although the *Boyd* case, *infra*, suggests otherwise). However, the claims in other states are, as they stand, properly pled. Discovery on these claims will reveal the speakers and their affiliations, at which point Plaintiff would refile with an Amended

The Hon. Judge P. Kevin Castel
District Court, Southern District of New York
Re: Bah v. Apple and Security Information Services
Plaintiff's Conferencing Memorandum

VIA CM/ECF
May 28, 2018
Page 6

Defendants further argue that their providing information to law enforcement personnel leading to an arrest or charges was subject to a qualified privilege in New York (and indeed, this privilege exists in the remaining states as well). Defendants further argue that there was there an exception to the privilege not specifically pled in the Complaint (which, again, is not required in Connecticut, Massachusetts, or New Jersey). "Allegations of malice are not ordinarily part of the plaintiff's initial pleading burden." *Boyd v. Nationwide Mutual Insurance Company*, 208 F.3d 406, 410 (2d Cir. 2000) citing *Yowe v. New Hampshire Ins. Co.*, 14 A.D.2d 633, 218 N.Y.S.2d 198 (3d Dept 1961). Nevertheless, this technical dispute can easily be cleared in an Amended Complaint, as set forth below.

Defendants further argue that the facts alleged in Plaintiff's Complaint would never support this Court's finding an exception to the law enforcement privilege, which they contend applies to their charging Bah with these crimes. Discovery has yet to disclose whether the communications themselves exceeded the scope of the claimed privilege, where, for example, communications between Apple and SIS may not be subject to the same privilege. However, even assuming that the privilege applies, the privilege is not absolute but a qualified one, and does not apply where the allegations of theft had "no probable cause," were made with reckless disregard for the truth or falsity of the charge (akin to the standard of *New York Times v. Sullivan* concerning defamation of a public individual), or were made with malicious intent. *See, e.g., Barrows v. Wareham Fire Dist.*, 82 Mass. App. Ct. 623, 628-29, 976 N.E.2d 830, 836-37 (2012) (Massachusetts law); *see also Boyd v. Nationwide Mutual Insurance Company*, 208 F.3d 406,410 (2000) (Connecticut law).

The case of *Boyd v. Nationwide Mutual Insurance Company*, 208 F.3d 406 (2000) is controlling law in this jurisdiction concerning dismissal of a defamation action based upon a claim of qualified "law enforcement" privilege. In *Boyd*, an employer wrongfully accused one of its employees of larceny in litigation filed in this Court. The District Court dismissed the employee's defamation Complaint *ab initio*, holding that the law enforcement privilege immunized the employer's accusation. The District Court further

---

Complaint which this Court would almost certainly allow. This Court should not endorse such a merry-go-round of pleading, which would not only do substantial injustice, but also waste both time and judicial resources.

The Hon. Judge P. Kevin Castel
District Court, Southern District of New York
Re: Bah v. Apple and Security Information Services
Plaintiff's Conferencing Memorandum

VIA CM/ECF
May 28, 2018
Page 7

held that the employer's failure to investigate the larceny claim before making the accusation to law enforcement was not "malice," even if a prudent person would have performed such an investigation. *Id.* at 409. However, upon review, the Second Circuit Court of Appeals disagreed and overturned the Dismissal.

The Court conceded that the charge of larceny made to law enforcement was subject to the qualified privilege. However, the Court continued:

> … Plaintiff's allegation that Nationwide failed to check its own records, which plaintiff told the district court he wished to add to his complaint, **permits a sufficient inference that Nationwide abused its qualified privilege.** … As we have had occasion to observe in the past, **"it is important to recognize the difference between disposing of a case on a 12(b)(6) motion and resolving the case later in the proceedings, for example by summary judgment."** *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998). **Moreover, a plaintiff may allege facts suggestive enough to warrant discovery, even where those facts alone would not establish a cause of action for defamation.** *See Stukuls v. New York*, 42 N.Y.2d 272, 397 N.Y.S.2d 740, 746, 366 N.E.2d 829 (1977) (finding that while plaintiff's allegations did not yet clearly demonstrate a viable cause of action for defamation or defeat qualified privilege, "it cannot be said in advance of discovery that [plaintiff] will not be able to raise an issue of fact").
>
> Given these principles and the procedural posture of this case, the district court's dismissal of Boyd's complaint was improper. **An employer cannot use the qualified privilege to prevent a defamed employee from using the litigation process to seek evidence of the employer's bad faith where the employer controlled all relevant information yet failed to consult it before making unfounded accusations**. Having failed to avail itself of this exclusive information, Nationwide cannot avail itself of the qualified privilege. *Id. at 410 (Emphasis added).*

Under the holding in *Boyd,* the facts already alleged in Plaintiff's Complaint warrant denial of the Defendants' threatened motion. Furthermore, Plaintiff will allege in its Amended Complaint, based upon its investigation to date, that Apple and SIS possessed conflicting captured images of the actual thieves who were falsely claiming to

The Hon. Judge P. Kevin Castel
District Court, Southern District of New York
Re:  Bah v. Apple and Security Information Services
Plaintiff's Conferencing Memorandum

VIA CM/ECF
May 28, 2018
Page 8

be Mr. Bah as early as May 2018. The Defendants nevertheless made use of one of the photographs to accuse Mr. Bah of having committed the crimes, *without so advising police or prosecutors of the other or of the conflict*. R*egardless of how Defendants used technology to connect imaging to Mr. Bah's name*, Apple and SIS then charged Mr. Bah with subsequent thefts in two other states and did not withdraw charges in another (which are still in place today, more than a year after Apple became aware that its information was false). Such evidence demonstrates that Apple's statements to law enforcement regarding Mr. Bah's guilt were not only defamatory but were also "without probable cause" and therefore not privileged.

Further, in the fall of 2018, Apple misled prosecutors and inaccurately claimed that the video of the Boston thefts (which showed a different person than Bah stealing Apple equipment) had been destroyed.[5] Misrepresenting the state of evidence, especially when critical to a claim, has been found in many courts to be evidence of culpability or malicious intent. *See People v. Bennett*, 79 N.Y.2d 464, 469, 593 N.E.2d 279, 282, 538 N.Y.S.2d 825, 828 (1992); *People v. Alexander*, 37 N.Y.2d 202, 204, 333 N.E.2d 157, 158 371 N.Y.S.2d 876, 877 (1975); *People v. Butterfly*, 25 N.Y.2d 159, 162, 250 N.E.2d 340, 303 N.Y.S.2d 57 (1969).

Reading the inferences from such deception in the best light for Plaintiff's allegations, as Rule 12(b)(6) mandates, each of those allegations would be sufficient to prove "lack of probable cause" or "improper motive" sufficient to render Apple and SIS' slander actionable and outside of the qualified privilege. Together with the conflicting internal identification information and the acknowledged false charges filed against the Plaintiff, these facts warrant further inquiry. Even as currently drafted, Plaintiff's Complaint would therefore not merit dismissal. *Boyd*, 208 F.3d at 410 (2d Cir. 2000). *See also Stukuls*, N.E.2d 829.

---

[5]  Five months later, Apple finally produced the video at the prosecutor's insistence, without explaining why it had falsely claimed that the recording had been destroyed. After viewing the video and Mr. Bah's photograph and alibi, the prosecutor agreed to dismiss the Boston claims after a court hearing. Nonetheless, the charge and warrant, along with the charges of theft in New York and New Jersey and the claim to police that Mr. Bah had stolen from an Apple store in Connecticut, remain as black marks on Mr. Bah's record.

The Hon. Judge P. Kevin Castel
District Court, Southern District of New York
Re: Bah v. Apple and Security Information Services
Plaintiff's Conferencing Memorandum

VIA CM/ECF
May 28, 2018
Page 9

### B. Pre-Motion Discovery Regarding Criminal Charges and Police Records

It is no coincidence that Defendants have vigorously urged this Court to forestall any and all discovery on this matter, going so far as to block Plaintiff's efforts to obtain booking information from the precincts where Apple issued wrongful warrants against the Plaintiff (which would have confirmed the identity of the libelous speakers in each jurisdiction). *See counsel's email, attached hereto as* **Exhibit B**. Viewed in context of the controlling *Boyd* decision, there are numerous inferences explaining why Apple wishes to prevent Mr. Bah from finding out how Apple and SIS misled law enforcement and defamed him. None of these inferences is particularly helpful to the Defendants' cause and may in fact provide additional support for Plaintiff's assertion of wrongful motive. To the contrary, these ongoing good faith allegations should lead the Court to allow nonparty discovery as to the arrest and warrant communications leading to Bah's being falsely charged at this early juncture, while he remains falsely charged in at least one jurisdiction.

*Accordingly, Plaintiff requests that this Court allow pre-status conference discovery concerning the information in law enforcement officers' possession concerning the charges leveled by Apple and SIS against Mr. Bah, especially where Defendants concede that they were "in error." Should the Court wish that request be reduced to a Motion, Plaintiff requests that this Court so direct Plaintiff.*

### C. Apple Face ID and Facial Recognition Technology

As will be alleged in the Amended Complaint, Apple's only public comment regarding their admitted misidentification of Mr. Bah and the false charging of felonious theft has been that "we didn't use Face ID to do it." Given that they have admitted wrongfully charging Mr. Bah a crime, Apple's time may have been better spent clearing Mr. Bah's record, rather than attempting to distance itself further from its libel. Plaintiff suggests that a permissible inference the Court may take from the emphasis of Apple's comments is that it sees its own technological reputation as far worthier than Mr. Bah's personal reputation or freedom.

The evidence currently available even before discovery discloses that in the case of the Boston theft, Apple identified the purported thief mere minutes after the thefts occurred. The speed of identification of a thief from an incident in a separate store weeks

The Hon. Judge P. Kevin Castel
District Court, Southern District of New York
Re: Bah v. Apple and Security Information Services
Plaintiff's Conferencing Memorandum

VIA CM/ECF
May 28, 2018
Page 10

before in another state at least suggests that some kind of technological identification process aided in connecting the image of the Boston thief with the name and image Apple or SIS had in its database from a prior incident in Connecticut. The speed of identification in the three November 2018 incidents in New York likely led NYPD Detective John Reinhold, who arrested and then freed Mr. Bah, to infer that Apple's facial recognition technology was somehow used to incorrectly identify Mr. Bah — a comment reasonably relied upon in good faith by Plaintiff's counsel. In a public comment made after the Complaint was filed, Detective Reinhold admitted that while he did not specifically know if "Face ID," Apple's only publicly known facial recognition technology, was used, he "stood by" the remaining allegations ascribed to him in the Complaint.[6]

With the very short time interval between the thefts and criminal complaint identifying the thief, and with Detective Reinhold's reasonable assumption as to the manner of identification, the allegation of use of some type of facial recognition technology is hardly "scandalous" or "not capable of proof" at this early juncture. It may well be that upon complete disclosure during discovery, the record will prove Defendants' claim that no such technology exists, and some other explanation for this speedy misidentification can be tendered that holds together logically. That discovery has yet to occur. As Apple has misrepresented to law enforcement at least once what records it possesses regarding the thefts, we can be forgiven for not simply accepting their word for it at this stage. In the meantime, a close reading of Apple's public denial indicates only that it did not use "Face ID" to identify Mr. Bah. Perhaps Apple has chosen

---

[6] While this is extra-judicial, Defendants' implication that the allegations in the Complaint were so ill-founded as to be "scandalous" of necessity impugns the good faith of Plaintiff's counsel, so this information is imparted to reassure the Court of the Plaintiff's good faith in making the assertions in the Complaint.

The Hon. Judge P. Kevin Castel
District Court, Southern District of New York
Re: Bah v. Apple and Security Information Services
Plaintiff's Conferencing Memorandum

VIA CM/ECF
May 28, 2018
Page 11

another name for its product or it remains unlabeled.[7] One hopes that discovery will reveal the truth in time.[8]

D.  Malicious Prosecution and Bah's Wrongful Arrest

Plaintiff also contends that the facts as alleged, including those admitted by Apple and SIS in their conference letters, raise a potential case for malicious prosecution. At least in Boston and in one instance in New Jersey, Apple and/or SIS swore out warrants that their own internal documentation would have shown to be at least unreliable, and likely false, *at the time the Complaints were made*. Their initiation of legal proceedings when no probable cause existed for the Complaints meets the standard of a malicious prosecution claim in New York, as well as in Massachusetts and in New Jersey. A private individual who swears out a warrant he has reason to know is false at the time of issuance may be inferred to have acted with improper intent or malice. *See Seelig v. Harvard Co-op. Soc.*, 355 Mass. 532, 538 246 N.E.2d 642, 646-647 (1969).

As noted above, Plaintiff is currently aware, and will allege in its Amended Complaint, that Apple's internal documentation would have *at the very least* established that its identification of the Boston thief as Ousmane Bah was unreliable, as two different individuals answering (falsely) to that name were detained by Defendants in Connecticut and New Jersey prior to the Boston theft. Drawing all inferences from that act and knowledge to the Plaintiff's benefit, as required by Rule 12(b)(6), Apple and SIS' positive identification of the Boston thief as Ousmane Bah in a criminal complaint was therefore in bad faith, warranting a charge for malicious prosecution.

---

[7]  We do know it is unlikely that Apple has named any system "Recognition." That trademark has been taken by Amazon for its facial recognition technology, which it is currently aggressively marketing to merchandisers and the U.S. government. However, the existence of such a system sold by an Apple competitor makes Plaintiff's allegations at the very least "plausible" under the *Iqbal* standard. It also defies logic that Apple would not seek more commercial applications for a technology its competitors are already marketing.

[8]  Again, by way of tender, Plaintiff will recast its allegations of use of facial recognition technology in the Amended Complaint in the alternative, labeling it as "FRT" to ease the Defendants' concern on this point.

The Hon. Judge P. Kevin Castel
District Court, Southern District of New York
Re: Bah v. Apple and Security Information Services
Plaintiff's Conferencing Memorandum

VIA CM/ECF
May 28, 2018
Page 12

As noted above, Apple was subpoenaed in Boston to produce its identifying recording of the complained-of theft by the prosecution. Apple misled the prosecutor (and, actually, Mr. Bah's defense counsel) to believe the recording had been destroyed. *See email*, **Exhibit C**. This Court may also infer Apple's improper intent from this misleading and inaccurate denial.

E.     Negligence

From what we currently know and infer, Mr. Bah's ordeal began with Defendants Apple and SIS accepting a paper version of a stolen interim learner's permit[9] as a valid form of identification from a thief masquerading as him during an initial incident somewhere in Connecticut in early- to mid-May of 2018. We contend that Apple's use of an ID without photograph or verification; its subsequent ignoring of contrary identification information in its possession; and its communication of certainty in this erroneous identification in charging Mr. Bah with several thefts committed in different states over a period of months despite this knowledge was negligent, and in breach of their duty to Mr. Bah. As part of this argument, we contend that the Defendants owed Mr. Bah a duty to base any such charges on reasonable investigation, and that they failed to do so, resulting in his injury.

"Negligence is conduct which falls below the standard established by law for the protection of others against unreasonable risk of harm." Restatement 2d of Torts, § 282 (2nd 1979). According to *Gonzalez v. Cabellero*, 572 F.Supp2d 463, 466 (S.D.N.Y 2008), "A plaintiff bringing a negligence claim under New York law to recover for personal injuries, must show that" (1) the defendant owed the plaintiff a duty of reasonable care; (2) the defendant breached that duty; and (3) the breach proximately caused the plaintiff's injuries." All the elements of negligence are met in this case: (1) Defendants Apple and SIS owed Plaintiff a duty to act with reasonable care when making accusations in sworn affidavits as to the identity of the perpetrators of crimes, especially when those perpetrators are not stopped or apprehended at the time of the crime; (2) Defendants

---

[9] In New York State, an interim learner's permit is not meant for identification purposes, as evidenced in a sample learner's permit produced as an exhibit to this letter as **Exhibit D**.

The Hon. Judge P. Kevin Castel
District Court, Southern District of New York
Re:  Bah v. Apple and Security Information Services
Plaintiff's Conferencing Memorandum

VIA CM/ECF
May 28, 2018
Page 13

Apple and SIS breached that duty; and (3) that breach was the proximate and actual cause of Plaintiff's injuries.

Defendants cite to *Jenkins v. City of New York* (1992 U.S. Dist. LEXIS 8279), a decision which held that a police department held to Constitutional standards could not be sued based merely upon negligent investigation. *Jenkins*, in which the Court evaluated the duties of a public police force and prosecutor, can be distinguished from the facts and circumstances in this case, because here a private company essentially subsumed the obligations of a public law enforcement agency to secure an arrest, without being bound to the same duties of fair investigation and disclosure of exculpatory evidence by which a State actor is governed (*See Brady v. Maryland*, 373 U.S. 83 (1963)), and also protected by sovereign immunity. *Id.* at 87. In contrast, the traditional limits of defamation and malicious prosecution law may fall short of imposing a duty of conducting such an investigation in a similarly reasonable and unbiased manner without imposing such a duty through tort. *See, e.g., State v. Von Bulow, 475 A.2d 995 (R.I 1984) (use of private attorney to conduct private criminal investigation creates possibility for abuse); In re Groban, 352 U.S. 330 (1957) (denying witness counsel in civil investigation, even if statutorily permitted, deprived him of due process).*

In this case, Defendants Apple and SIS did not stop or apprehend the actual perpetrators at the time of filing these criminal complaints — they merely launched the criminal system against an innocent actor based upon scant and contradictory evidence exclusively in their control, and while doing so attempted to hide evidence of their errors. A nonpublic corporation with its own security force interacting with an overwhelmed law enforcement structure and prosecutorial force should not be evaluated by the limited standards by which we have historically treated defamation or malicious prosecution. The tort system is not static, but evolves to meet times and conditions, all the while imposing the general obligation of reasonableness upon private actors to enforce the social compact.

A jury is capable of determining whether Apple and SIS' investigative policies and use of the criminal system to enforce inventory control is reasonable or beyond the scope of reasonable behavior. The fact that the duty may be somewhat novel is met by the unanticipated size of the actors and the inordinate power and influence which their

The Hon. Judge P. Kevin Castel
District Court, Southern District of New York
Re: Bah v. Apple and Security Information Services
Plaintiff's Conferencing Memorandum

VIA CM/ECF
May 28, 2018
Page 14

technology, size and influence may have given them. Accordingly, this Court should allow the present negligence count to stand until discovery reveals precisely what the Defendants did to identify and verify the identity of the thief, and how they misidentified an innocent plaintiff in doing so.

In conclusion, Plaintiff reiterates his intention to cure any technical defects which may exist in the Complaint on or by June 10, 2018; requests that the Court authorize nonparty discovery as to documentation in possession of law enforcement officials or prosecutors regarding the charges of shoplifting filed by Defendants against Mr. Bah in New York and other states; that this Court allow all other discovery to proceed following its status conference on June 18; and request that this matter proceed forward to scheduling conference, discovery and resolution.

Respectfully Submitted,

Subhan Tariq, Esq.
Counsel for Plaintiff, Ousmane Bah