**MORRISON | FOERSTER**

250 WEST 55TH STREET
NEW YORK, NY 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BOSTON,
BRUSSELS, DENVER, HONG KONG,
LONDON, LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

May 29, 2019

Writer's Direct Contact
+1 (212) 468.8049
CCohen@mofo.com

**Via ECF**

The Honorable P. Kevin Castel
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Bah v. Apple Inc., et al.*, No. 1:19-cv-03539 (PKC)

Dear Judge Castel:

    We represent Apple Inc. ("Apple"), a defendant in the above-referenced action, and respectfully write to respond briefly to Plaintiff's response to Apple's pre-motion letter, filed May 28, 2019. (ECF No. 19.)

    First, Apple opposes Plaintiff's request for expedited discovery. Plaintiff provides no basis for such request and instead improperly attempts to cast Apple's proper objection to Plaintiff's violation of the Federal Rules of Civil Procedure in a nefarious light. As fully set forth in our May 16, 2019 letter (ECF No. 16), Plaintiff improperly served third-party subpoenas prematurely and now fails to provide any basis for expedited discovery in this case, and as such discovery should not yet be permitted.

    Second, Apple reiterates its request for a pre-motion conference before, or in lieu of, the June 18, 2019 initial conference to discuss Plaintiff's proposed amendments to the Complaint and Apple's and Defendant Security Industry Specialists' ("SIS") anticipated motions to dismiss. In Plaintiff's letter response, counsel seems to assert that he will amend the Complaint to allege additional claims arising out of events that purportedly occurred outside of New York. (ECF. No. 19 at 1.) Such an amendment, however, would be futile for multiple reasons, including lack of personal jurisdiction and improper venue as to any such claims under Rules 12(b)(2)-(3) of the Federal Rules of Civil Procedure. Apple respectfully submits that these issues, in addition to the issues raised in our May 16, 2019 letter, should be addressed at a pre-motion conference before the parties and the Court begin contemplating discovery, which should not proceed at this time. We have conferred with SIS's counsel, who joins in this request.

ny-1659307

**MORRISON | FOERSTER**

The Honorable P. Kevin Castel
May 29, 2019
Page Two

  Finally, a pre-motion conference is warranted to address Plaintiff's continued mischaracterization of the basic function of law enforcement and prosecutors as compared to private citizens and corporations and his repeated misstatements that Apple "criminally charged" Mr. Bah with crimes. (ECF No. 19 at 1-2.) Equally inaccurate is Plaintiff's assertion that Apple "does not dispute" or "concedes" various issues, including that Apple and SIS "charged" Mr. Bah and refused to "withdraw[] the felony charges they sought against [Plaintiff]." (*Id.* at 2.) Apple did not—and could not—"charge" Mr. Bah with any crimes. As the Court is well aware (and as Plaintiff's counsel should also know), charging decisions are in the sole discretion of prosecutors (and grand juries) and charges are sought and obtained not by corporations but by the government. Plaintiff's counsel's perpetuation of this blatantly false narrative demonstrates continued bad faith and rises to the level of sanctionable misconduct under Rule 11 of the Federal Rules of Civil Procedure. Apple reserves its right to bring a sanctions motion at the appropriate time, but in the meantime, respectfully requests that the June 18 initial conference be adjourned or converted into a pre-motion conference.

              Respectfully submitted,

              */s/ Carrie H. Cohen*

              Carrie H. Cohen

cc: All counsel of record (via ECF)

ny-1659307