**MORRISON | FOERSTER**

250 WEST 55TH STREET
NEW YORK, NY 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BOSTON,
BRUSSELS, DENVER, HONG KONG,
LONDON, LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

June 14, 2019

Writer's Direct Contact
+1 (212) 468.8049
CCohen@mofo.com

**Via ECF**

The Honorable P. Kevin Castel
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:    *Bah v. Apple Inc., et al.*, No. 1:19-cv-03539 (PKC)
       Letter Regarding Plaintiff's First Amended Complaint

Dear Judge Castel:

We represent Apple Inc. ("Apple"), a defendant in the above-referenced action, and respectfully write to address Plaintiff's First Amended Complaint, filed June 12, 2019. (ECF No. 24-1.) A pre-motion conference is scheduled for June 18, 2019 at 11:00 a.m. (ECF Nos. 9, 21.) As Apple will address more fully at that conference and in additional briefing if necessary, Plaintiff's amendments fail to cure any of the deficiencies raised in Apple's May 16, 2019 pre-motion letter and instead present additional grounds for dismissal of all claims against Apple.

1.    The First Amended Complaint Fails to Cure Any Deficiencies and Presents New
      Grounds for Dismissal

As an initial matter, Plaintiff's amended allegations still impermissibly "lump all the defendants together" and "provid[e] no factual basis to distinguish" Apple's alleged conduct from Defendant Security Industry Specialists' ("SIS") alleged conduct. *Atuahene v. City of Hartford*, 10 Fed. App'x 33, 34 (2d Cir. 2001). To the contrary, Plaintiff merely replaces "Defendant" in the original Complaint with "Apple and/or SIS" in the First Amended Complaint, which is exactly the type of revision the Second Circuit concluded was insufficient to satisfy Rule 8 of the Federal Rules of Civil Procedure in *Atuahene*. *Id.* (affirming dismissal where plaintiff amended his complaint by "replac[ing] the allegations against 'the defendants' with the names of all the defendants, still failing to identify which defendants were alleged to be responsible for which alleged violations"). As a result, the First Amended Complaint fails to provide Apple proper notice of the grounds for Plaintiff's claims against it and dismissal is warranted.

**MORRISON | FOERSTER**

The Honorable P. Kevin Castel
June 14, 2019
Page Two

In addition, Plaintiff continues to resort to speculative allegations that lack factual support and, therefore, cannot form the basis of a viable claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure and the applicable pleading standards.  As just one example, while Plaintiff has scaled back his inflammatory allegations regarding Apple's purported use of facial recognition technology in connection with its in-store security, the First Amended Compliant still speculates that "it defies logic that Apple would not adapt its facial recognition product for commercial use . . . in its stores," (First Am. Compl. ¶ 54), and further asserts claims based on Apple's "possible use of facial recognition technology."  (*Id.* at 1, ¶ 140.)  As Apple already has stated in its May 16, 2019 letter and to Plaintiff's counsel prior to filing the letter, Apple does not use facial recognition technology for in-store security purposes.  (*See* Apple's pre-motion letter, dated May 16, 2019, ECF No. 16 at 2-3.)  Plaintiff's unsupported allegations to the contrary are inaccurate, inflammatory, and irrelevant, and they should be stricken under Rule 12(f) of the Federal Rules of Civil Procedure.  In addition, many of Plaintiff's other allegations are similarly speculative and cannot support a plausible claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Finally, in an apparent attempt to avoid the implications of well-settled New York law barring all of Plaintiff's claims against Apple (as discussed in Apple's pre-motion letter), Plaintiff now asserts four generalized causes of action against Apple, apparently premised upon distinct shoplifting incidents and police reports that allegedly occurred on separate occasions throughout different states (New York, Connecticut, New Jersey, and Massachusetts).  This manner of pleading further muddles the purported basis for Plaintiff's claims, leaving Apple, Defendant SIS, and the Court to guess as to what conduct Plaintiff alleges gives rise to which specific claim asserted, which state's laws should apply to each claim, how Apple (a California corporation with its principal place of business in Cupertino, California) can be subject to personal jurisdiction in New York, and how venue in the Southern District of New York is proper for each claim.  Thus, in addition to the grounds for dismissal raised in Apple's May 16, 2019 pre-motion letter, dismissal is warranted under Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction and Rule 12(b)(3) of the Federal Rules of Civil Procedure for improper venue, as Apple will address more fully in its motion to dismiss the First Amended Complaint.

2.   Plaintiff Fails to State a Claim Against Apple

In addition, as in the original Complaint, all of Plaintiff's claims asserted against Apple in the First Amended Complaint fail as a matter of law.

A.   Plaintiff's Defamation Claim Fails

Plaintiff cannot avoid the application of New York law to his defamation claim, despite his scattershot attempt to assert a defamation claim premised upon the disparate

MORRISON | FOERSTER

The Honorable P. Kevin Castel
June 14, 2019
Page Three

conduct of disparate actors in four disparate jurisdictions.  For defamation claims, New York courts typically apply the law of the plaintiff's state of domicile under New York's choice-of-law rules, which prioritize the law of the state with the most significant interest in the litigation.  *See Babcock v. Jackson*, 12 N.Y.2d 473, 481 (1963) (establishing New York's interest analysis for choice-of-law issues); *Lee v. Bankers Trust Co.*, 166 F.3d 540, 545 (2d Cir. 1999) ("Under New York choice-of-law rules in defamation cases 'the state of the plaintiff's domicile will usually have the most significant relationship to the case,' and its law will therefore govern.") (quoting *Reeves v. Am. Broad. Co.*, 719 F.2d 602, 605 (2d Cir. 1983)).  Here, Plaintiff is a New York domiciliary, (First Am. Compl. ¶ 90), and as a result, New York law applies to the defamation claim, regardless of where the defamatory statements allegedly were made.

As discussed in Apple's May 16, 2019 pre-motion letter, Plaintiff's defamation claim fails under New York law, primarily because statements made to law enforcement are afforded a qualified privilege that cannot be overcome absent a showing of malice, which is not present here.  (*See* Apple's pre-motion letter, dated May 16, 2019, ECF No. 16 at 6-7.)  While Plaintiff seems to allege a new theory of liability in the First Amended Complaint—namely that Apple defamed Plaintiff by making false statements about Plaintiff to Defendant SIS, as opposed to law enforcement—any such communications are protected by a similar "common interest" qualified privilege under New York law, which also cannot be overcome without a showing of malice.  *Thai v. Cayre Grp.*, 726 F. Supp. 2d 323, 330 (S.D.N.Y. 2010) ("New York recognizes a qualified common interest privilege when the allegedly defamatory statement is made between persons who share a common interest in the subject matter.")  Plaintiff's own allegations leave no doubt that Apple shares a common interest with Defendant SIS, who, as Plaintiff concedes, plays a critical role in "security matters concerning [Apple's] stores." (First Am. Compl. ¶ 8.)  And, aside from bald, conclusory allegations regarding alleged malice, Plaintiff fails to plausibly allege that Apple made any statement with the requisite malice to sustain a claim.  As a result, Plaintiff's defamation claim fails as a matter of law and should be dismissed.

B.  Plaintiff Fails to State a Viable Claim for Malicious Prosecution

New York law also applies to Plaintiff's malicious prosecution claim because there is no material conflict between the applicable substantive law of malicious prosecution with respect to New York, Connecticut, New Jersey, and Massachusetts.  *International Bus. Mach. Corp. v. Liberty Mut. Ins. Co.*, 363 F.3d 137, 143 (2d Cir. 2004) ("In the absence of substantive difference, however, a New York court will dispense with choice of law analysis; and if New York law is among the relevant choices, New York courts are free to apply it.").  All four states require a plaintiff to sufficiently plead the same elements to state a claim for malicious prosecution: (1) that the criminal action was instituted by the defendant against the plaintiff, (2) that it was actuated by malice, (3) that there was an absence of probable cause

**MORRISON | FOERSTER**

The Honorable P. Kevin Castel
June 14, 2019
Page Four

for the proceeding, and (4) that it was terminated favorably to the plaintiff. *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003) (elements under New York law); *Lo Sacco v. Young*, 564 A.2d 610, 617 (Conn. 1989) (elements under Connecticut law); *Brunson v. Affinity Fed. Credit Union*, 199 N.J. 381, 393-94 (N.J. 2009) (elements under New Jersey law); *Gutierrez v. Mass Bay Transp. Auth.*, 772 N.E.2d 552, 561 (Mass. 2002) (elements under Massachusetts law). Regardless of which state's law applies to Plaintiff's malicious prosecution claim, therefore, dismissal is warranted because Plaintiff fails to sufficiently allege that Apple acted with malice, or improper purpose, in reporting the shoplifting incidents to the police.

The only portions of the First Amended Complaint that even suggest malice are Plaintiff's conclusory allegations that "Apple's actions constituted malicious prosecution," and that Apple "knew or [was] constructively aware" that its identification of the shoplifter as Mr. Bah was "unreliable." (First Am. Compl. ¶¶ 37, 131.) Those allegations are entirely bereft of factual support and cannot provide the basis of a plausible claim for malicious prosecution under the applicable pleading standards. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Plaintiff's malicious prosecution claim, therefore, should be dismissed.

C.  Plaintiff's Claims for Intentional or Negligent Infliction of Emotional Distress are Duplicative

Despite amending his Complaint, Plaintiff's claims for infliction of emotional distress remain deficient for the very same reasons Apple already addressed in its pre-motion letter, specifically that the claims are duplicative of his claim for defamation. (*See* Apple's pre-motion letter, dated May 16, 2019, ECF No. 16 at 7-8.) As was the case in the original Complaint, in the First Amended Complaint, Plaintiff asserts claims for infliction of emotional distress that rely upon the same allegations that comprise Plaintiff's deficient defamation claims (First Am. Compl. ¶ 141 (alleging Plaintiff suffered emotional distress "as a result of Apple's repeated false criminal allegations and reckless disregard for the truth or falsity of the allegations made in Connecticut, Massachusetts, New York, and New Jersey")). "The Supreme Court has made it pellucid that a failed defamation claim cannot be recycled as a tort claim for negligent or intentional infliction of emotional distress." *Hustler Magazine, Inc. v. Falwell*, 485 U.S. 46, 56 (1988). This is true regardless of which state's laws apply to Plaintiff's infliction of emotional distress claims. In addition, the First Amended Complaint fails to adequately plead the required elements of an intentional or negligent infliction of emotional distress claim under any of the relevant state's laws, and dismissal, therefore, is warranted.

ny-1668897

MORRISON | FOERSTER

The Honorable P. Kevin Castel
June 14, 2019
Page Five

D.  Plaintiff Fails to State a Viable Claim under the Massachusetts Civil Rights Act

While far from clear, Plaintiff's claim under the Massachusetts Civil Rights Act ("MCRA"), Mass. Gen. Laws ch. 12, §§ 11H-I, appears to be premised on a speculative connection between shoplifting incidents at Apple stores in Boston and Plaintiff's apparent wrongful arrest in New York.  But Plaintiff fails to explain how an arrest in New York can give rise to liability under the MCRA.  Nor do the allegations establish a proper venue or a proper basis for subjecting Apple to personal jurisdiction with respect to the MCRA claim. In addition to those serious deficiencies (which are fatal to Plaintiff's claim), Plaintiff fails to allege that Apple engaged in any conduct that plausibly gives rise to a civil rights claim under the MCRA.  To state an MCRA claim against Apple, Plaintiff must allege that Apple interfered with his exercise or enjoyment of a constitutional right using "threats, intimidation or coercion."  Mass. Gen. Laws ch. 12, § 11H; *see also Najas Realty, LLC v. Seekonk Water Dist.*, 821 F.3d 134, 141 n.8 (1st Cir. 2016) (noting that the MCRA provides a narrower remedy than a federal claim under 42 U.S.C. § 1983 because liability is limited to conduct that involves "threats, intimidation or coercion").  No such conduct is even alleged in the First Amended Complaint, and therefore Plaintiff's MCRA claim should be dismissed.

3.  Proposed Briefing Schedule

As described above, Apple anticipates moving to strike portions of the First Amended Complaint, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, and to dismiss the First Amended Complaint with prejudice, pursuant to Rules 8, 12(b)(2), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure.  In addition, as previously noted, Apple may bring a sanctions motion with respect to Plaintiff's frivolous claims at the appropriate time.  Apple proposes the following briefing schedule, to which Defendant SIS consents:

| | |
|---|---|
| Deadline for Moving Briefs: | July 31, 2019 |
| Deadline for Opposition Briefs: | September 4, 2019 |
| Deadline for Reply Briefs: | September 20, 2019 |

Respectfully submitted,

*/s/ Carrie H. Cohen*

Carrie H. Cohen

cc:   All counsel of record (via ECF)