UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
==================================X
OUSMANE BAH,

                                                          19 Civ. 3539 (PKC)

                Plaintiff,

-against-

APPLE INC. and SECURITY INDUSTRY
SPECIALISTS, INC.

                Defendant.
==================================X

## **MEMORANDUM OF LAW**

 

David L. Metzger
LEWIS JOHS AVALLONE AVILES, LLP
Attorneys for Defendant
SECURITY INDUSTRY SPECIALISTS
61 Broadway, 20th Floor
New York, NY 10006
212.233.7195
dlmetzger@lewisjohs.com

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

PROCEDURAL HISTORY..........................................................................................................2

FACTS AS PLEAD ......................................................................................................................3

ARGUMENT.................................................................................................................................5

    POINT I – SIS IS NOT SUBJECT TO PERSONAL JURISDICTION
          IN NEW YORK .......................................................................................................5

        A. The Standard for Review ...................................................................................5

        B. This Court Does Not Maintain General Jurisdiction over SIS............................5

        C. This Court Does Not Maintain Jurisdiction Over SIS Under New York's Long
           Arm Statute – CPLR 302(a)................................................................................6

    POINT II – PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST
           SIS.........................................................................................................................11

    POINT III – NEW YORK IS NOT THE PROPER VENUE FOR
           PLAINTIFF'S MALICIOUS PROSECUTION AND
           MASSACHUSETTS CIVIL RIGHT CLAIMS .........................................12

CONCLUSION............................................................................................................................12

# TABLE OF AUTHORITIES

**Page**

## Cases

*Allied Dynamics Corp. v. Kennametal, Inc.*,
   965 F. Supp. 2d 276 (E.D.N.Y. 2013) ..........................................................................8

*Daimler AG v. Bauman*,
   134 S. Ct. 746, 761 (2014)............................................................................................5

*Doe v. Delaware State Police*,
   939 F. Supp. 2d 313 (S.D.N.Y. 2013) ......................................................................9, 10

*Haidon v. Budlong & Budlong, LLC*,
   318 F. Supp. 3d 568, 580 (W.D.N.Y. 2018)..................................................................9

*Morsy v. PalTech, Inc.*,
   No. 07-cv-2143 (PKL), 2008 WL 3200165, at *5 (S.D.N.Y., 2008) ..........................11

*Reich v. Lopez*,
   38 F. Supp. 3d 436,457 (S.D.N.Y. 2014)......................................................................8

*Sae Han Sheet Co., Ltd. v. Eastman Chemical Corp.*,
   2017 WL 4769394 *1*2 (S.D.N.Y. 2017).....................................................................5

*Sea Tow Services International, Inc. v. St. Paul Fire & Marine Insurance Company*,
   779 F. Supp. 2d 319, 322 (E.D.N.Y. 2011) ...........................................................5, 7, 8

*Stroud v. Tyson Foods, Inc.*,
   91 F. Supp. 3d 381, 390 (E.D.N.Y. 2015) ..................................................................10

*Tannerite Sports, LLC v. NBC Universal Media LLC*,
   135 F. Supp. 3d 219, 229 (S.D.N.Y. 2015).......................................................6, 10, 11

*Taormina v. Thrifty Car Rental*,
   2016 WL 7392214 *1, *5 (S.D.N.Y. 2016).................................................................5, 6

*Thackurdeen v. Duke University*,
   130 F. Supp. 3d 792, 805 (S.D.N.Y. 2015)....................................................................9

*Walden v. Fiore*,
   571 U.S. 277, 286, 290 (2014)....................................................................................11

*Waldman v. Palestine Liberation Org.*,
  835 F.3d 317, 331 (2d Cir. 2016)..................................................................................8

## Statutes

Fed. R. Civ. P. Rule 12(b)(6)....................................................................................1, 2, 11

Fed. R. Civ. P. Rule 12(b)(2)......................................................................................1, 5, 7

Fed. R. Civ. P. Rule 12(b)(3).........................................................................................2, 12

CPLR 302..........................................................................................................................10

    CPLR 302(a) ..............................................................................................................6, 7

        CPLR 302(a)(1) ..............................................................................................7, 8, 10, 11

        CPLR 302(a)(2) ......................................................................................................9, 10

        CPLR 302(a)(3) ......................................................................................................9, 10

        CPLR 302(a)(4) .........................................................................................................10

Massachusetts G.L. c. Sec. 11A...........................................................................................2

## **PRELIMINARY STATEMENT**

This matter pertains to the alleged misidentification of an individual who committed multiple thefts at Apple stores in the Northeast as the plaintiff, Ousmane Bah, resulting in the "real" Mr. Bah facing criminal proceedings in several states. Security Industry Specialists ("SIS') is a California corporation that is contracted to perform "loss prevention" security services at Apple retail stores in several of those states, including a number of the stores referenced in the First Amended Complaint. However, SIS does not perform loss prevention services at any of the referenced Apple stores located in New York.

It is alleged that SIS (and/or Apple) accepted a lost/stolen leaner's permit of the "real" Mr. Bah as proof of his identity and then relied upon that identification to erroneously connect, through video or facial recognition, Mr. Bah to subsequent thefts.

Although not the basis of the instant motion, many of the facts as plead by the plaintiff are contested, including the allegations that SIS, as opposed to local law enforcement, accepted the temporary driver's license as proof of Ousmane Bah's identity, that SIS or Apple at any point employed facial recognition technology to identify Mr. Bah at stores throughout the region, or that more than one individual was [mis]identified as Ousmane Bah.

The First Amended Complaint contains the following four causes of action against SIS Defamation, Malicious Prosecution, Intentional and Negligent Infliction of Emotional Harm and a Civil Rights action brought under Massachusetts state law. The same four causes of action are alleged against Apple. SIS moves to dismiss each cause of action against it, with prejudice, under Fed. R. Civ. P. Rule 12(b)(6) as the plaintiff failed to state viable claims. SIS also moves to dismiss each cause of action under Fed. R. Civ. P. 12(b)(2) as the Plaintiff cannot subject SIS to personal jurisdiction in New York. However, as to the former, to avoid duplicative papers The

1

Hon. Kevin Castel directed at a June 18, 2019 pre-motion conference that SIS not submit its own Memorandum of Law on the Rule 12(b)(6) motion and instead incorporate by reference the arguments made in papers supporting Apple's concurrent motion seeking the same relief. We hereby respectfully do so, both on the Rule 12(b)(6) argument and a Rule 12(b)(3) argument referenced further below.

**PROCEDURAL HISTORY**

The Plaintiff, Ousmane Bah, filed a First Amended Complaint against the defendants, APPLE INC. ("APPLE") and SECURITY INDUSTRY SPECIALISTS, INC. ("SIS") on June 10, 2019 containing the following causes of action against SIS: Defamation (Count II); Malicious Prosecution (Count IV); Intentional and Negligent Infliction of Emotional Harm (Count VI); and Civil Rights – Private Right of Action under Massachusetts G.L. c. Sec. 11A (Count VIII) (Exhibit "A"). The same four causes of action were asserted against APPLE. On June 14, 2019 a pre-motion letter was filed on behalf of defendant, SIS, seeking leave to dismiss each cause of action asserted against it contained within the First Amended Complaint (Exhibit "B").

The Parties appeared before Judge Castel for the Rule 16 pre-motion conference on June 18, 2019. Pursuant to the Scheduling Order filed on June 18, 2019, the Court set the following briefing schedule: Defendants to file motions by July 31, 2019; Plaintiff to file opposition by September 11, 2019; Defendants to file replies by September 27, 2019 (Exhibit "C") [1]. As stated above, since APPLE and SIS's arguments are essentially consistent and aligned as to the legal bases to dismiss each cause of action in the First Amended Complaint (as made evident in our respective pre-motion letters), Judge Castel directed that SIS not serve its own separate motion to

---

[1] An initial pre-motion letter on behalf of SIS, responsive to the original Complaint, was filed on May 17, 2019 (ECF #15).

2

dismiss and to instead rely upon and incorporate the legal and factual arguments presented in APPLE's motion to dismiss. However, as SIS's jurisdictional arguments are unique to that company, Judge Castel verbally granted SIS leave to make the instant motion to dismiss based on its jurisdictional defense.

**FACTS AS PLEAD**

According to the First Amended Complaint, the plaintiff, Ousmane Bah, is a 19 year old African American male (¶1) and SIS is a corporation incorporated in the State of California (¶5) with its principle place of business in Culver City, California (¶3). It is alleged that Apple operated retail stores in Connecticut (specific town not plead), Paramus NJ, Freehold NJ, Boston MA and "varying locations" in New York City (¶8) and that SIS contracted with Apple to provide security services at these stores (¶9). The allegations in the First Amended Complaint, with little exception, fail to then separate out the allegations as to the named defendants and refer to them jointly as "SIS and Apple" or "the defendants".

It is alleged that the plaintiff obtained a New York State temporary learner's permit on March 26, 2018 (¶10). He subsequently lost this permit prior to May, 2018 (¶11).

It is alleged that before the end of May 2018, at an unidentified Apple store in the State of Connecticut, an individual who identified himself as the plaintiff was detained for theft of merchandise.

It is alleged that on May 24, 2018 at the Paramus, NJ Apple store, SIS apprehended for stealing merchandise and surrendered to the Paramus police an individual identified to the police as Ousmane Bah (¶¶20, 26).

It is then alleged that on May 31, 2018, there were multiple thefts at a Boston, MA store captured on video (¶31) and that SIS positively identified this individual as the plaintiff, reported

3

the theft to the Boston police (¶33) and filed a police report identifying the thief as the plaintiff (¶39). In June, 2018, he was notified of a warrant for his arrest for the Boston theft and voluntarily appeared in Boston for his arraignment (¶62), although the charges were eventually dismissed *nolle prossed* (¶102).

It is alleged that on September 24, 2018, there was a theft of merchandise in an Apple store in Freehold, NJ but the thief escaped and was not detained (¶74). However, using information gleaned from the Connecticut, Paramus and/or Boston thefts, an SIS employee filed a complaint on September 20, 2018 (perplexingly 4 days before the plead theft of merchandise) with the police accusing the plaintiff of the Freehold thefts (¶79). He received by mail notice of those charges on December 6, 2018 (¶96).

It is alleged that on October 28, 2018 he received notice from Monmouth County District Court in New Jersey alleging that he had been charged with theft for the Paramus (which is in Bergen County) incident (¶71).

It is alleged that in November, 2018 an individual or individuals committed three separate thefts in multiple Apple stores in New York City, including two in Manhattan, one in the Bronx and one in Staten Island, although the specific stores are not identified (¶83). It is then claimed that SIS employees contacted law enforcement, filed a police report and falsely identified Mr. Bah as the individual who had stolen the merchandise (¶84,85). Ultimately, he was arrested at his home on November 29, 2018 for the New York thefts and was taken to a New York City precinct, although the charges were subsequently dropped (¶90, 94).

It is alleged that as of the filing of the Complaint, prosecutions against Mr. Bah remain active in New Jersey (¶105).

Pursuant to the verbal request by plaintiff's attorneys and the subsequent verbal directives of Judge Castel at the June 18, 2019 pre-motion conference, our office supplied plaintiff's attorneys with a list of Apple store locations for which SIS is aware of a report to law enforcement for an individual previously identified as Ousmane Bah. (Exhibit "D"). Some, but not all, of the listed incidents are consistent with those plead by the plaintiff, and SIS duly identified several additional such incidents.[2] However, all of the listed incidents occurred in either New Jersey, Massachusetts or Connecticut. None are in New York.

## ARGUMENT

### POINT I - SIS IS NOT SUBJECT TO PERSONAL JURSIDICTION IN NEW YORK

#### A. The Standard for Review

This motion is made pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. It is well settled that the plaintiff has the burden of showing personal jurisdiction to defeat a Rule 12(b)(2) motion to dismiss. *Sae Han Sheet Co., Ltd. v. Eastman Chemical Corp.*, 2017 WL 4769394 *1*2 (S.D.N.Y. 2017); *Sea Tow Services International, Inc. v. St. Paul Fire & Marine Insurance Company*, 779 F. Supp. 2d 319, 322 (E.D.N.Y. 2011).

#### B. This Court Does Not Maintain General Jurisdiction Over SIS

The First Amended Complaint alleges that this court has grounds to exercise "general personal jurisdiction" (¶6). However, pursuant to the Supreme Court's decision in *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014), a corporation is deemed to be at home for general jurisdiction purposes where it is incorporated or maintains its principle place of business. *See also, Sae Han Sheet Co., supra* at *4; *Taormina v. Thrifty Car Rental*, 2016 WL 7392214 *1, *5 (S.D.N.Y. 2016). Therefore, as plaintiff correctly plead that SIS is incorporated in California and

---

[2] SIS has no record of the "sometime before the end of May, 2018" Connecticut theft, but even accepting that claim as true for the purpose of the instant motion, it would not alter or affect the arguments made in these or Apple's papers.

maintains its principle place of business in California, SIS is not subject to the general jurisdiction of this Court. Further, the registration to do business and the appointment of an agent for service of process does not constitute consent to general jurisdiction. *Taormina* at *7.

### C. This Court Does Not Maintain Specific Jurisdiction Over SIS Under New York's Long Arm Statute - CPLR 302(a)

The Plaintiff does not alternatively or specifically plead "specific jurisdiction" over SIS under New York's long arm statute and, on that ground alone, the First Amended Complaint should be dismissed. Plaintiff does plead that SIS contractually agreed to provide security services for Apple store locations within the jurisdiction including the [Manhattan, Bronx and Staten Island] locations in the jurisdiction where the complained of offenses occurred. Even if the Court were to consider this as a pleading of specific jurisdiction, or to allow for a Second Amended Complaint to allege specific jurisdiction, the basis for such jurisdiction would fail.

If general jurisdiction is not satisfied, a federal court sitting in diversity must 'determine whether there is jurisdiction over the defendant under the relevant forum state's laws'". *Tannerite Sports, LLC v. NBC Universal Media LLC*, 135 F. Supp. 3d 219, 229 (S.D.N.Y. 2015)(citations omitted). The jurisdictional analysis is therefore based on New York's long-arm statute. Specific jurisdiction is governed by CPLR 302(a) which allows for jurisdiction over non-domiciliaries when the causes of action arise from one of four specific kinds of contact with New York:

1) The transaction of any business within the state or contracts to supply goods and services in New York;
2) The commission of a tortious act within the state, except as to a cause of action for defamation of character arising from the act;
3) The commission of a tortious act without the state causing injury within the state, except as a cause of action for defamation of character arising from the act, so long as the tortfeasor: (i) regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services

6

rendered in New York; (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

4) The ownership, use or possession of any real property within New York.

CPLR Sec. 302(a).

While the court must generally accept well-plead allegations as true when evaluating the plaintiff's prima facie case, the Court may also, in its discretion, consider evidence outside of the pleadings in resolving the motion pursuant to Rule 12(b)(2). *Sea Tow, supra* at 322.

To that end, annexed as Exhibit "E" is the July 29, 2019 Declaration of Tom Stevens, Vice President of Retail Operations for Security Industry Specialists. Mr. Stevens confirms that SIS is contracted to provide "loss prevention" (which he explains involves the detection and/or apprehension of shoplifters and contact with local enforcement concerning the theft) to Apple stores in several states outside of New York. However, Mr. Stevens declares that SIS does not, and did not in 2018, perform loss prevention for any retail store in New York City or State. He declares that SIS is not, and was not in 2018, the contracted security guard company for any Apple store in New York City.

With the above facts, and for the reasons stated below, SIS is not subject to the jurisdiction of this Court under any of the four categories of CPLR 302(a).

a. *Sec. 302(a)(1)*

"In determining whether personal jurisdiction may be exercised under CPLR 302(a)(1), a court must decide (1) whether the defendant transacts any business in New York and, if so, 2) whether the cause of action arises from such a business transaction...A suit will be deemed to have arisen out of a party's activities in New York if there is an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York."

7

*Reich v. Lopez*, 38 F. Supp. 3d 436,457 (S.D.N.Y. 2014)(citations omitted); *Sae Han Sheet Co., Ltd. v. Eastman Chemical Corp.*, 2017 WL 4769394 *1,*8 (S.D.N.Y. 2017)(citations omitted).

SIS does not contest that it leases an office and transacts business in New York (Exhibit "E", Declaration of Tom Stevens). However, without the second prong of CPLR 302(a)(1), satisfaction of the first prong is of no moment. "The exercise of specific jurisdiction depends on in state activity that 'gave rise to the episode in suit". *Sae Han Sheet Co, supra* at *8 (*citing, Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 331 (2d Cir. 2016). As emphasized by the Court in *Allied Dynamics Corp. v. Kennametal, Inc.*, 965 F. Supp. 2d 276 (E.D.N.Y. 2013), to establish personal jurisdiction under CPLR 302(a)(1) the defendant must transact business in the state and "the claim asserted must arise from *that* transaction". *Allied Dynamics* at 291 (citations omitted)(emphasis in original).

The Third-Party Complaint alleges that SIS provided the security to the Apple stores in New York, and specifically, in the Bronx, Manhattan and Staten Island. Plaintiff then alleges that SIS filed false police reports seeking the arrest of Ousmane Bah for thefts in those New York stores. This is simply incorrect. As stated by Mr. Stevens (Exhibit "E"), neither currently nor in 2018 did SIS provide security to the Apple retail stores in New York City nor did SIS report Ousmane Bah to law enforcement or file any complaint against Ousmane Bah in New York. Nor, as declared by Mr. Stevens, did SIS disseminate any information identifying the individual previously captured on surveillance and identified as Ousmane Bah to any Apple store in New York City or to any other security guard company contracted by Apple for its New York City stores. The plaintiff has not alleged that SIS identified Ousmane Bah or that its employees reported any thefts by an individual identified as Ousmane Bah at any other retail store for which

8

it provides security services. As such, SIS did not engage in any activity in New York which "gives rise" to the matters or injuries alleged.

b. *Sec. 302(a)(2)*

Likewise, as SIS does not provide the loss prevention security to the Apple stores in New York City and did not disseminate information regarding Ousmane Bah to any Apple store in New York or to any security guard company in New York, SIS could not have committed a tortious act within the state to trigger jurisdiction under CPLR 302(a)(2).

c. *Sec. 302(a)(3)*

For the purpose of determining damages under CPLR 302(a)(3), the situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are subsequently felt by the plaintiff." *Haidon v. Budlong & Budlong, LLC*, 318 F. Supp. 3d 568, 580 (W.D.N.Y. 2018). "A litigant may not carry an injury home for purpose of 302(a)(3)." *Thackurdeen v. Duke University*, 130 F. Supp. 3d 792, 805 (S.D.N.Y. 2015)(citations omitted).

The case of *Doe v. Delaware State Police*, 939 F. Supp. 2d 313 (S.D.N.Y. 2013) is instructive. *Doe* involved a registered sex offender in Delaware. The Delaware State Police made a random check at an incorrect address of Doe, and finding the apartment vacant, reported the matter to local police who issued a warrant for his arrest. *Doe* at 319. Doe subsequently moved to New York and, during a traffic stop in Westchester, was arrested and detained after the warrant was discovered. *Doe* at 319. Doe then brought suit in the Southern District of New York.

Focusing on the jurisdictional arguments, and in conducting a CPLR 302(a)(3) analysis and ultimately determining that this section did not confer jurisdiction, Judge Karas stated that "It is well established that this requirement is not satisfied simply because the injured plaintiff is

a New York resident or domiciliary." *Doe, supra* at 326. The Court determined that "the issuance of the warrant was the 'original event' that caused any injuries that followed, and it took place in Delaware. *Doe* at 328.

Similarly, there is also no basis for jurisdiction against SIS under CPLR 302(a)(3). Each of the separate claims as plead demonstrate that the alleged injuries are "as a result of" the either "defamatory actions" in Connecticut, Massachusetts and New Jersey or the prosecutions against Mr. Bah in Massachusetts and New Jersey (no prosecution is alleged in Connecticut). It is specifically plead that the reports or complaints were made by SIS to the police and warrants were issued in the various out state locations where the thefts occurred (aside from New York which, as stated would not have involved SIS).

d. *Sec. 302(a)(4)*

Finally, there is no basis for jurisdiction under CPLR 302(a)(4). "Similar to personal jurisdiction requirements under CPLR 302(a)(1), to allege personal jurisdiction over a non-domiciliary under CPLR 302(a)(4), a plaintiff must demonstrate 'a relationship between the property and the cause of action sued upon'". *Stroud v. Tyson Foods, Inc.* 91 F. Supp. 3d 381, 390 (E.D.N.Y. 2015)(citations omitted). The only plead connection to SIS in New York pertains to the erroneous claim that it provided security to the Apple stores in this jurisdiction. It is nowhere plead that the plaintiff's causes of action are in any manner related to or that they "arise from" SIS's leased offices in New York City and, quite clearly, no such factual scenario will arise.

e. *Additional Bases to Dismiss each Specific Claim for Lack of Personal Jurisdiction*

As to the plaintiff's Defamation claim (Count II), sections 302(a)(2) and (a)(3) specifically exclude actions for defamation. *See* CPLR 302; *Tannerite, supra* at 233. Jurisdiction

over a claim under CPLR 302(a)(1) will then lie only if the plaintiff shows that the defamatory utterance was purposefully directed at New York as opposed to reaching New York fortuitously *and*, the defendant transacted other business in New York that was directly connected to the claim asserted. *Tannerite* at 233. For the reasons stated above, such scenarios do not exist. Further, those same exceptions apply to the plaintiff's claims for intentional and negligent infliction of emotional distress (Count VI), which is no more than a restyled claim for defamation. *See Morsy v. PalTech, Inc.*, No. 07-cv-2143 (PKL), 2008 WL 3200165, at *5 (S.D.N.Y., 2008).

Plaintiff's Massachusetts civil rights claim (Count VIII) references SIS's alleged conduct in Massachusetts, not in New York. Namely, Plaintiff alleges that SIS made "false accusations of [Plaintiff] in Boston." (¶ 155.) Plaintiff's conclusory allegations that SIS's activities in Massachusetts "contributed to [Plaintiff] being arrested and taken into custody for the New York thefts," (¶ 157), are pure speculation and, even if true, cannot create a connection between SIS and the forum for jurisdictional purposes. *See Walden v. Fiore*, 571 U.S. 277, 286, 290 (2014) (explaining that the jurisdictional inquiry must focus on "[a defendant's] own affiliation with the State" and holding that "mere injury to a forum resident is not a sufficient connection to the forum" to support personal jurisdiction).

Finally, as to the Malicious Prosecution claim (Count IV) the First Amended Complaint does not allege that the Plaintiff was ever *prosecuted* in New York.

## POINT II – PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST SIS

As stated above, SIS was directed not to file a Memorandum supporting our motion under Fed. R. Civ. P. 12(b)(6) and to instead rely upon the Memorandum submitted by our co-

defendant, Apple Inc. As such, it is respectfully requested that the Court adopt and apply those arguments to SIS.

**POINT III – NEW YORK IS NOT THE PROPER VENUE FOR PLAINTIFF'S MALICIOUS PROSECUTION AND MASSACHUSETTS CIVIL RIGHTS CLAIMS**

As the grounds for dismissal pursuant to Fed. R. Civ. P. 12(b)(3) are, unlike the jurisdictional arguments, not unique to SIS but rather mimic those clearly put forth by counsel for Apple, SIS hereby adopts those arguments on its behalf.

### CONCLUSION

For the foregoing reasons, Security Industry Specialists ("SIS") respectfully requests that the Court dismiss all of Plaintiff's claims against SIS, and that such dismissal be with prejudice.

Dated: New York, New York
July 31, 2019

LEWIS JOHS AVALLONE AVILES, LLP
Attorneys for Defendant
SECURITY INDUSTRY SPECIALISTS, INC.
61 Broadway, Suite 2000
New York, New York 10006
212.233.7195
By:     David L. Metzger
        dlmetzger@lewisjohs.com