UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OUSMANE BAH,<br><br>           Plaintiff,<br><br>  -against-<br><br>APPLE INC. & SECURITY INDUSTRY SPECIALISTS, INC.,<br><br>           Defendants. | Case No. 19-CV-03539 (PKC) |

**STIPULATION ON ELECTRONIC DISCOVERY AND [PROPOSED] ORDER**

  Plaintiff Ousmane Bah ("Plaintiff") and Defendants Apple Inc. and Security Industry Specialists, Inc. ("Defendants") hereby agree that the following procedures shall govern discovery of Electronically Stored Information ("ESI") in this case:

  1.  **Custodian Names and Search Terms to Be Exchanged.**  The parties shall meet and confer to reach agreement on a reasonable list of custodians for purposes of collection, review and production of electronically stored information.  In connection with the meet and confer process, each party shall provide a proposed list of individual custodians who are knowledgeable about and were involved with the core issues or subjects in this case.  The parties then shall meet and confer to reach agreement on document custodians and also shall meet and confer to reach agreement on search terms to be used for electronic searches of the files from those custodians.  ESI, including, but not limited to electronic files and email, shall be collected for each individual custodian from their personal computers, network resources, and other electronic devices that those individuals use for work purposes.  Notwithstanding prior agreement on the search terms to be used for electronic searches, should a search produce an unreasonably large number of non-

responsive or irrelevant results, the parties' designated ESI personnel and counsel shall meet and confer to discuss application of further negative search restrictions (e.g., if a single search was for "card" and ninety percent of the resulting documents came from the irrelevant term "credit card," a negative limitation to ignore documents only returned as a result of "credit card" may be applied to remove these documents). The party receiving production shall not unreasonably oppose such further restrictions designed to filter immaterial search results. The parties shall make good faith efforts to identify appropriate email custodians and produce email on the agreed upon schedule, but reserve the right to seek email from additional email custodians identified through discovery.

2. **De-Duplication.** Each party shall remove exact duplicate ESI based on MD5 hash or SHA-1 hash values, at the family level. Attachments should not be eliminated as duplicates for purposes of production, unless the parent record and all attachments are also duplicates. The parties agree that an e-mail that includes content in the BCC or other blind copy field shall not be treated as a duplicate of an e-mail that does not include content in those fields, even if all remaining content in the e-mail is identical. Email thread suppression shall not be utilized to remove documents from production, but may be used for more efficient review. De-duplication will be done across the entire collection (global de-duplication) and the CUSTODIAN-ALL field will list each custodian, separated by a semicolon, who was a source of that document. Should the CUSTODIAN-ALL metadata fields produced become outdated due to rolling productions, an overlay file providing all updated custodians and file paths for the affected documents will be produced within a reasonable time of each rolling production and prior to substantial completion of the document production.

3. **Advanced Analytics Technologies.** No party shall use predictive coding/technology-assisted-review for the purpose of the culling down of documents prior to

review or production without notifying the opposing party prior to use and providing the opposing party with ample time to meet and confer in good faith regarding a mutually agreeable protocol for the use of such technologies.

4. **Privilege Log.** For all documents withheld on the basis of attorney-client privilege, attorney work product privilege, law enforcement / investigative privilege, common-interest privilege, or any other applicable privilege or protection, the Parties agree to furnish logs within a reasonable time after the production of documents and ESI is substantially complete, as applicable, in accordance with Rule 26(b)(5)(A)(ii) of the Federal Rules of Civil Procedure and generally accepted standards/practices; such logs at a minimum will contain the following information:

For emails: Sent Date/Time, To, From, CC, BCC, Parent/Child ID, BegBates, EndBates, BegBates Attach, EndBates Attach, Subject or Description where Subject field is inadequate or in and of itself privileged.

Electronic Documents: Doc Created Date, Doc Modified Date, Author, Doc Title, and Doc Type.

Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure shall govern the inadvertent or mistaken disclosure of documents that are subject to a claim of privilege. In addition, pursuant to Federal Rule of Evidence 502(d), this Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any documents produced, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

5. **Format for Production of Documents – Documents Existing in Electronic Format.** Except as otherwise provided for in this Order, all documents existing in electronic

format shall be produced in multiple page, searchable PDF format or single-page TIFF images at a resolution of at least 300 dpi in accordance with the following:

      A.      All files shall be produced along with Concordance (.dat) with Opticon (.opt) image load files that indicate the beginning and ending of each document. File names should not contain spaces. Color documents should be produced in color. All black/white images must be in 1-bit TIFF or PDF images and color documents must be in 24-bit JPG files.

      B.      Extracted text of a document must be delivered on a document level. All text for a single document should be contained within one file. The name of the file should be the beginning bates number of the document (BEGDOC.txt).

      C.      For documents which already exist in PDF format prior to production (i.e., which the producing party receives from a client or third party in PDF format), the producing party may provide them in that same PDF format, whether searchable or non-searchable. For documents converted to PDF format prior to production, the producing party shall make reasonable efforts to convert to searchable PDF.

      D.      Load files should include, where applicable, the information listed in the Table of Metadata Fields, attached as Exhibit A. However, the parties are not obligated to include metadata for any document that does not contain such metadata in the original, if it is not possible to automate the creation of metadata when the document is collected. The parties reserve their rights to object to any request for the creation of metadata for documents that do not contain metadata in the original.

      D.      Unless otherwise agreed, the parties shall provide document productions in the following manner: The producing party shall provide the production data on CDs, DVDs, external hard drives or SFTP, as appropriate. The producing party shall encrypt the production

data using WinRAR encryption, and the producing party shall forward the password to decrypt the production data separately from the CD, DVD, external drive or SFTP to which the production data is saved.

6. **Format for Production of Documents – Hardcopy or Paper Documents.** All documents that are hardcopy or paper files shall be scanned and produced in the same manner as documents existing in electronic format, above.

7. **Parent and Child Emails.** The parties shall produce email attachments sequentially after the parent email.

8. **Native Files.** The parties will meet and confer to discuss requests for the production of file types in native format, on a case-by-case basis. If the parties are unable to reach agreement with regard to requests for additional documents in native-file format, the parties reserve the right to seek relief from the Court. Documents produced natively shall be represented in the set of imaged documents by a slipsheet indicating the production identification number and confidentiality designation for the native file that is being produced.

9. **Databases.** Certain types of databases are dynamic in nature and will often contain information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Thus, a party may opt to produce relevant and responsive information from databases in an alternate form, such as a report or data table. These reports or data tables will be produced in .csv or similar useable format.

The parties agree to identify the specific databases, by name, that contain the relevant and responsive information that parties produce.

10. **Requests for Hi-Resolution or Color Documents.** The parties agree to respond to reasonable and specific requests for the production of higher resolution or color images.

Nothing in this Order shall preclude a producing party from objecting to such requests as unreasonable in number, timing or scope, provided that a producing party shall not object if the document as originally produced is illegible or difficult to read.  The producing party shall have the option of responding by producing a native-file version of the document.  If a dispute arises regarding requests for higher resolution or color images, the parties will meet and confer in good faith to try to resolve it.

11. **Foreign Language Documents.** All documents shall be produced in their original language.  Where a requested document exists in a foreign language and the producing party also has an English-language version of that document that it prepared for non-litigation purposes prior to filing of the lawsuit, the producing party shall produce both the original document and all English-language versions.  In addition, if the producing party has a certified translation of a foreign-language document that is being produced (whether or not the translation is prepared for purposes of litigation), the producing party shall produce both the original document and the certified translation.  Nothing in this agreement shall require a producing party to prepare a translation, certified or otherwise, for foreign language documents that are produced in discovery.

\* \* \*

**SO STIPULATED**

Dated:   May 11, 2020

| | | |
|---|---|---|
| _____ | _____ | _____ |
| Daniel Malis | Carrie Cohen | David L. Metzger |
| MALIS LAW | Katie L. Viggiani | LEWIS JOHS AVALLONE |
| 30 2nd Street | MORRISON & FOERSTER | AVILES, LLP |
| Cambridge, MA 02141 | LLP | 61 Broadway, 20th Floor |
| Tel: (617) 491-1099 | 250 W. 55th Street | New York, NY 10006 |
| | New York, New York 10019 | Tel: (212) 233-7195 |
| Subhan Tariq | Tel: (212) 336-8000 | |
| THE TARIQ LAW FIRM, PLLC | | |
| 34-18 Northern Blvd. | | |
| Long Island City, NY 1101 | | |
| Tel: (718) 674-1245 | | |
| | | |
| Attorneys for Plaintiff | Attorneys for Defendant | Attorney for Defendant |
| _Ousmane Bah_ | _Apple Inc._ | _Security Industry Specialists, Inc._ |

**IT IS SO ORDERED** on this _____day of _____, 2020.

_____
Hon. P. Kevin Castel, U.S.D.J.

7

**EXHIBIT A**
**TABLE OF METADATA FIELDS**

| Field Name | Field Description | Data Type & Format | File Type |
|---|---|---|---|
| Prod Bates Beg | Beginning bates number, or production number, on first page of document. | TEXT | Populated for messages, attachments and loose files. |
| Prod Bates End | Bates number, or production number, on last page of document. | TEXT | Populated for messages, attachments and loose files. |
| Prod Bates Beg Attach | First bates number in family group. | TEXT | Populated for messages and attachments. |
| Prod Bates End Attach | Last bates number in family group. | TEXT | Populated for messages and attachments. |
| Custodian | Name of custodian who possessed the document. | TEXT | Populated for messages, attachments and loose files. |
| Custodian - All | Name of all Custodians who possessed the document. | TEXT | Populated for messages, attachments and loose files. |
| Duplicate Count | Number of duplicate documents. | NUMERICAL | Populated for messages, attachments and loose files. |
| MD5 or SHA-1 Hash Value | Identifying value of an electronic record that can be used for deduplication and authentication generated using the MD5 hash algorithm. | TEXT | Populated for messages, attachments and loose files. |
| Native File | Link to native file. | TEXT | Populated for messages, attachments and loose files. |
| Page Count | Number of pages. | NUMERICAL | Populated for messages, attachments, and loose files. |
| TimeZone | Time zone. *Request applies to SIS only.* | TEXT | Populated for messages, attachments, and loose files. |
| File Extension | Three (or more) character extension of the document that represents the file type to the Windows Operating System or Apple equivalent. Examples are PDF, DOC, or DOCX. | TEXT | Populated for messages, attachments, and loose files |
| File Name | Original name of the file. | TEXT | Populated for messages, attachments, and loose files. |

| Field Name | Field Description | Data Type & Format | File Type |
|---|---|---|---|
| File Size | File size of native document. | DECIMAL | Populated for messages, attachments, and loose files. |
| Email From | Originator of the email message. | TEXT | Populated for messages only. |
| Email To | List of recipients or addressees of the email message. | TEXT | Populated for messages only. |
| Email CC | Recipients of 'carbon copies' of the email message. | TEXT | Populated for messages only. |
| Email BCC | Recipients of 'blind carbon copies' of the email message. | TEXT | Populated for messages only. |
| Email Subject | Subject of the email message. | TEXT | Populated for messages only. |
| Date Sent | Date that the email message was sent (according to original time zones). | DATE (dd-mmm-yyyy) | Populated for messages.  Attachments will inherit from the parent message. |
| Time Sent | Time that the email message was sent (according to original time zones). | TEXT (hh:mm:ss) | Populated for messages.  Attachments will inherit from the parent message. |
| Date Received | Date that the email message was received (according to original time zones). | DATE (dd-mmm-yyyy) | Populated for messages.  Attachments will inherit from the parent message. |
| Time Received | Time that the email message was received (according to original time zones). | TEXT (hh:mm:ss) | Populated for messages.  Attachments will inherit from the parent message. |
| AttachCount | Number of attachment(s) | NUMERICAL | Populated for attachments only. |
| Conversation ID | Email thread created by the email system.  This is a 44-character string of numbers and letters that is created in the initial email and has 10 characters added for each reply or forward of an email. *Request applies to SIS only.* | TEXT | Populated for messages only. |

| Field Name | Field Description | Data Type & Format | File Type |
|---|---|---|---|
| Message Class | The type of item from an email client (e.g., email, contact, calendar, etc.). *Request applies to SIS only.* | TEXT | Populated for messages only. |