UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OUSMANE BAH,
    Plaintiff

v.

                              Docket No. 19CV3539

APPLE CORPORATION and
SECURITY INDUSTRY
SPECIALISTS, INC.
    Defendants

---

**PLAINTIFF'S MOTION TO AMEND COMPLAINT**
**(Substituting Plaintiff's Second Amended Complaint,**
**Adding Civil Rights Claims Against Public Defendants,**
**Tort Claims Against Corporate Defendants**
**From New Jersey, Defamation, and Malicious Prosecution)**

    Plaintiff, pursuant to FRCP 15(b), moves that this Court allow Plaintiff to Amend his complaint by adding Civil Rights claims against Defendants Detective John Reinhold, New York Police Department; Officer John Doe 1-3 (as yet, unidentified), the City of New York, by and through the New York Police Department; and to allow claims based upon Apple and SIS' defamatory acts and malicious prosecution in both New York and New Jersey.  A copy of Plaintiff's Second Amended Complaint is submitted herewith.

    As grounds therefore, Plaintiff states as follows:

1. The Civil Rights allegations presented in the Second Amended Complaint are directly connected to the existing allegations in this case.  The wrongful arrest and detention performed by the New York Police Department and Detective Reinhold's breach of the Plaintiff's civil rights were, in significant part, a result of the existing Defendants' false claims that Mr. Bah was a thief who stole from multiple stores, including in Staten Island, NY.  Filing suit on these allegations was deferred to ensure that the evidence obtained in discovery met the enhanced pleading standards of *Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)*, and to ensure that any allegations of breach of civil rights by the public actors were neither conclusory or speculative.

2. As to the revisited allegations of SIS and Apple's liability from their tortious acts in New Jersey, this Court initially dismissed those claims for lack of personal jurisdiction, based upon insufficient evidence in the First Amended Complaint's allegations tying tortious actions taken in New Jersey to tortious conduct in New York.

3. The Court's ruling in part was based upon SIS' allegations that it had not provided security to Defendant Apple's stores in New York.  However, discovery (provided as recently as two weeks ago) has disclosed that while SIS personnel may not have been stationed in Apple stores, SIS investigators actively participated in the investigation of the Staten Island thefts and provided incorrect identity information from thefts in New Jersey to the New York Police Department and Apple, leading directly to the Plaintiff's false arrest.  This Court therefore has personal jurisdiction over SIS in New York.  *See Second Amended Complaint, ¶s 14, 107-109.*

4. Further, recent discovery produced in June 2020 has provided evidence of a direct nexus between Apple and SIS' conduct in New Jersey and their tortious actions in New York.  The false identification of the Plaintiff stemmed directly from Apple and SIS' actions in identifying the Plaintiff in New Jersey, and both Defendants repeatedly described the Plaintiff to New York officers and others as a shoplifter committing thefts "throughout the Northeast."  Apple and SIS intentionally provided this information with the intent that it would lead to the Plaintiff's wrongful arrest in New York.

5. The Plaintiff's false arrest and detention were therefore a direct and proximate result of the communication of the New Jersey defamation (and the reckless investigation of the New Jersey claims) to the New York Police Department, with the intent that the New York police arrest and detain the Plaintiff based upon Apple and SIS' identification.  This connection provides the nexus which was absent from the initial Complaint (which would have been, at the time, simply speculation), and thus demonstrates this Court's personal jurisdiction over the corporate Defendants for their acts in New Jersey.

6. This evidence, which could only have been obtained through discovery (which was not allowed in this matter until April 2020 and not provided until two months later), now specifically pled in the Plaintiff's Second Amended Complaint, establishes a sufficient connection between the Defendants' alleged tortious conduct in New Jersey and the tortious actions in New York to prosecute the New Jersey tort claims in this Court.  *See New York CLS CPLR §302(a)(3)(ii); Reyes v. Sanchez-Pina, 191 Misc. 600, 611, 742 NY2d 513 (2002).*  "'[A] single transaction in New York out of which the cause of action has arisen may satisfy

the transaction of business provision.'" *Creative Socio-Medics, Corp. v City of Richmond, 219 F Supp 2d 300, 305 [EDNY 2002],* citing *Reyes,* , 742 N.Y.S.2d at 523 (citing *Singer v. Walker, 15 N.Y.2d 443, 456-457, 261 N.Y.S.2d 8, 18 (1965)).*

7. As this Court is aware, Rule 15 indicates that leave to amend shall be provided liberally to allow the pleadings to conform to the evidence, and with the overall purpose of doing justice in the litigation. Amendments shall be freely allowed to do justice to the litigants. "To some degree, the functioning of all the procedures in the federal rules for broad joinder of parties and claims, discovery, free amendment, and summary judgment are intertwined inextricably with the pleading philosophy embodied in Rule 8." Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1202, at 68 (1990).

8. Allowing this Motion will allow relation back of the New Jersey allegations to the initial filing date in this matter, making all claims timely filed. Denial of this motion (even with New Jersey's equitable tolling exception for its one-year statute of limitations for defamation, *see N.J.S.A. 2A:14-3*) will therefore potentially unduly prejudice the Plaintiff.

9. This Court has the discretion to address the New Jersey allegations based upon this new evidence even if previously dismissed. This exercise of discretion is justified by the considerations of judicial economy, convenience, and fairness to the litigants present here. *See Crane Co. v Am. Std., Inc., 88 FRD 199, 207 [SDNY 1980]), citing United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139, 16 L. Ed. 2d 218 (1966).* "If, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, …there is power in federal courts to hear the whole." *United Mine Workers v Gibbs, 383 US 715, 725 [1966].*

10. There is no issue of "undue delay" presented here. The Plaintiff has acted within the time guidelines provided under the Court's scheduling order for amended pleadings, and further, has acted promptly to amend once documentary evidence supporting his allegations has come to light.

11. Further, given such additional evidence of the corporate Defendants acting in New York based upon a poorly conducted investigation in New Jersey to arrange for the arrest of a New York Defendant, there is no evidence of "bad faith" on the Plaintiff's part which would frustrate such amendment.

12. Moreover, allowance of this Motion will not unduly prejudice the corporate Defendants. To the contrary, as this Court has already directed that discovery in this matter will include the New Jersey events, allowing this Court to actually litigate the consequences of those events, rather than requiring piecemeal

litigation and multiple trials in multiple jurisdictions, will provide a more just and efficient resolution of this matter (*see* FRCP Rules 1 and 8), avoid the potential of multiple conflicting verdicts, and preserve viable and valid claims made by the Plaintiff.

WHEREFORE, Plaintiff moves that this Motion to Amend be ALLOWED.

| CERTIFICATE OF SERVICE | |
|---|---|
| **I, Daniel Malis, Esq.**, attorney for the Plaintiff, hereby certify that I have given notice of the foregoing pleading by forwarding a copy to counsel for the Defendants via CM/ECF and email.<br><br>*[signature]*<br><br>Daniel Malis, Esq.<br>7/15/2020 | Plaintiff,<br>By his attorneys,<br><br>*[signature]*<br><br>_____<br>Daniel Malis, Esq., BBO # 315770<br>MALIS\|LAW<br>30 2nd Street<br>Cambridge, MA  02141<br>(617) 491-1099<br>daniel.malis@malislaw.com<br><br>*[signature]*<br><br>_____<br>Subhan Tariq, Esq.<br>Attorney I.D. No. # ST9597<br>The Tariq Law Firm<br>34-18 Northern Blvd – Suite 2-25<br>Long Island City, NY 11101<br>(718) 674-1256<br>subhan@tariqlaw.com |

Dated:  July 15, 2020