

30 SECOND STREET
CAMBRIDGE, MA  02141
TEL (617) 491-1099
FAX (617) 491-1022

Daniel.Malis@MalisLaw.com
www.malislaw.com
Reply To: daniel.malis@malislaw.com

July 27, 2020

Via CM/ECF
The Hon. P. Kevin Castel, J.
500 Pearl Street, Courtroom 11D
New York, New York 10007

    Re:    Bah v. Apple, SIS et al.
             U.S.D.C. (SDNY) Docket No. 1:19-CV-03539-PKC
             Letter Memorandum – Motion to Amend – Plaintiff's Response

Dear Judge Castel:

        We write to respond to Apple and SIS' letters [Docket Entries 74 &75] opposing our Motion to Amend [Docket Entry 73]. We need not brief this Court on the familiar standards for amendment of a Complaint to conform to the evidence as a case develops. Leave to Amend is intended to be freely granted to achieve due justice between the parties, and amended allegations relate back to the filing date of the initial Complaint.

1.        **The Proposed Amendment is Based Upon New Evidence and Is Not "Futile"**

        Discovery has disclosed direct correspondence between John Woodruff, a New Jersey-based "loss prevention analyst" with SIS, working on behalf of Apple, to investigators in the New York Police Department (hereinafter "NYPD"). In response to the NYPD's online widespread email alert regarding the Staten Island thief, Woodruff emailed NYPD Detective Reinhold on November 15 as follows:

> ***The below individual is known to us as Ousmane Bah.*** He has been hitting Apple stores for quite a few months now and doesn't seem to be stopping. I am not sure if you have a contact with our Apple LP district managers but I recently heard from an Apple manager at Staten Island that you were trying to ID him. ***I can give u whatever I have on his cases and losses we have experienced if you have no already gotten it.*** Looks like he hits from Connecticut to south Jersey. Feel free to reach out to me anytime.  *(Emphasis added).*[1]  *(See Exhibit 1.)*

---

[1]        This information <u>directly contradicts</u> the sworn affidavit of SIS' Vice President submitted by SIS to support its initial Motion to Dismiss based upon jurisdiction, which stated under oath that SIS had never named Ousmane Bah to New York law enforcement.  *See Argument 2, supra.*



The Hon. P. Kevin Castel
U.S. District Court, Southern District New York
Re: Bah v. Apple and SIS, et al.
Letter Memorandum, Motion to Amend
VIA CM/ECF
July 27, 2020
Page 2

    This Court commented in its dismissal that the "allegedly defamatory statements lack a substantial nexus with defendants' business activities in New York." (Order, Motion to Dismiss, p. 10). This newly discovered email, unavailable when suit commenced, now presents all factors necessary to demonstrate a substantial nexus between the Defendants' tortious conduct in New Jersey and New York; a purposeful availment of the laws and protection of New York (in seeking the police's prosecution of Ousmane Bah); and the direct foreseeably injurious consequences of that conduct.

    Under New York law, when a person utters a defamatory statement without the state that causes injury to the plaintiff within the state, jurisdiction may be acquired under section 302(a)(1), even though section 302(a)(3) – which explicitly concerns jurisdiction as to out-of-state tortious acts that cause in-state injury – excludes defamation cases from its scope. *Best Van Lines, Inc. v. Walker*, 490 F3d 239, 245-246 [2d Cir 2007). "Proof of one transaction in New York is sufficient to invoke jurisdiction "… so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted." *Kreutter v. McFadden Oil Corp.*, 71 NY2d 460, 467, 522 NE2d 40, 527 NYS2d 195 [1988]. An email from SIS' New Jersey-based loss prevention analyst to the NYPD containing defamation and seeking the arrest of a New York citizen for shoplifting provides evidence of not only Apple and SIS' business interest in protecting store inventory, but also the Defendants' purposeful attempt to avail themselves of the protection of New York laws.

    Further, the Defendants' Staten Island store, while physically located in New York, was considered by the Defendants as part of Apple's "New Jersey Metro Market." Another email produced by Defendants from Apple's Staten Island store dated October 22, 2018 discussing the Staten Island thefts was directed to only one market group: "Market Team 3 (New Jersey Metro Market)." *Email, Apple Store 152 to Market Team 3, Exhibit '2').* Since the New Jersey misconduct and false accusations were used to justify Apple and SIS' allegations in this state, and since even Apple considers the store part of New Jersey for marketing purposes, this Court now has additional evidence that the New Jersey defamations are fair game in New York.

    Discovery in this matter has revealed that the Defendants have repeatedly attempted to avail themselves of state borders when arguing lack of jurisdiction, but routinely ignore these same borders in their sales and marketing and their loss prevention efforts, both through their own general operations and through their purposeful availment of New York law and its police (who were provided information from the Defendants' own New Jersey investigations). The matters occurring in New Jersey are already the subject of discovery in this matter. Accordingly, there is no undue prejudice to Defendants in this Court's assumption of jurisdiction over the New Jersey claims and the Motion, based upon this new evidence, should be allowed.



The Hon. P. Kevin Castel
U.S. District Court, Southern District New York
Re:  Bah v. Apple and SIS, et al.
Letter Memorandum, Motion to Amend
VIA CM/ECF
July 27, 2020
Page 3

      As an illustration, if the Defendants had polluted in New Jersey and used a pipeline to dump the resulting toxic waste in New York, this Court would have no problem finding personal jurisdiction over the New Jersey Defendants in this forum.  If Mr. Woodruff had driven to Detective Reinhold's NYPD office and repeated those same slanders against Mr. Bah in person, this Court would similarly find personal jurisdiction not only over the defamation (a count this Court left intact) but also over the slanders Mr. Woodruff brought with him from New Jersey that formed the basis of that defamation.  That Mr. Woodruff instead emailed a New York detective with the "polluted" results of the New Jersey investigation (with the expectation that Mr. Bah be arrested and, we imagine, extradited to New Jersey to face the charges there) should not be viewed as distinguishable for purposes of jurisdiction.

      Jurisdiction over these allegations lies with this Court, and the Amendment, now containing the specific allegations linking SIS' communication regarding New Jersey conduct to a New York theft, is not futile. Plaintiff's Motion, and the New Jersey allegations contained therein, should be allowed.

2. **Defendants' False Statements in Affidavits and Pleadings Regarding Contacts Between New Jersey Events and this Forum Warrant Allowance of the Motion to Amend**.

      In support of its Motion to Dismiss filed with this Court a year ago, SIS submitted an affidavit from Tom Stevens, an SIS vice president, in an attempt to satisfy the Court that SIS had no relationship with New York concerning the claims in this litigation.  As part of the affidavit Mr. Stevens swore under oath that "SIS did not identify Ousmane Bah to law enforcement in New York State and did not file any report or complaint against him with law enforcement in New York State."  *(Stevens Affidavit, Docket Number 34-5, paragraph 6, attached hereto as Exhibit '3'.)*

      Exhibit 1 (Woodruff's email to NYPD Detective Reinhold on November 15, 2018 identifying the Plaintiff as the Staten Island thief) directly contradicts Stevens' sworn statement.  Stevens' claim that SIS did not "identify" Bah to New York authorities, was therefore <u>**entirely false**</u>.

      Mr. Stevens further falsely claimed that SIS did not "disseminate the image or the name of Ousmane Bah" to *any* Apple store.  *See Affidavit, paragraph 7. Discovery has now disclosed that this, too,* **was false**. On October 24, 2018, less than a year prior to Stevens' affidavit, SIS loss prevention analyst John Woodruff sent a "Be on the Lookout" ("BOLO") to SIS and Apple stores specifically linking Ousmane Bah's name to New Jersey and Staten Island thefts.  Mr. Woodruff wrote:

> He [The Menlo Park, NJ thief] <u>is a well known shoplifter in the Northeast by the name of Ousmane Bah."</u>  … Manager from Staten Island store said this is the same suspect who



The Hon. P. Kevin Castel
U.S. District Court, Southern District New York
Re:  Bah v. Apple and SIS, et al.
Letter Memorandum, Motion to Amend
VIA CM/ECF
July 27, 2020
Page 4

> hit them late last night after he left Menlo as well as a few times last week. I asked her to escalate to Apple LP Forbes <u>since they don't have store LP</u>.  *See Exhibit 1, attached*.[2]  *(Emphasis added)*

Adding insult to injury, SIS' affidavit also attempted to further distance SIS from the Staten Island thefts through a bit of artful word crafting.  Stevens claimed SIS did not provide "loss prevention services" to Apple stores in New York, limiting the definition of that activity as providing in-store guards.  However, how else can one describe Woodruff's email to the NYPD identifying Bah as the Staten Island shoplifter other than a "loss prevention service"?  Any commonsense definition of the term would include Woodruff's investigative work and contact with the NYPD's Detective Reinhold.

Stevens' careful parsing should lead this Court to recognize that Stevens was aware of SIS' employee's activities in furtherance of the New York false arrests and was attempting to conceal them from the Court, because he was likely aware that such facts would preclude dismissal of both the New York and New Jersey allegations.

These claims in Stevens' affidavit were either deliberately false or, like Defendants' repeated claims that the Plaintiff stole from Apple stores, were presented to this Court with "reckless disregard for their truth or falsity."  The false representations are additional evidence of the Defendants' recklessness in their claims in this litigation and justify allowance of the Plaintiff's Motion to Amend.

The discovery which we have highlighted in this letter demonstrates that at the time of the filing of Defendants' Motion to Dismiss concerning both New York and New Jersey allegations, SIS knew that it provided loss prevention services to the Staten Island store; that Apple's store in Staten Island was part of a New Jersey sales group for which SIS provided security and loss prevention services; and that an SIS employee had directly contacted the New York Police Department to seek the Plaintiff's arrest.  However, SIS denied these contentions in their motion and their pleadings while seeking dismissal.  Likewise, Apple also withheld these facts from the Court in its Motion to Dismiss.

---

[2]    The lack of specific New York-based security officers in stores explains Mr. Woodruff (based in SIS' New Jersey division) involving himself in the Staten Island prosecution. This memorandum further links the New York investigation with additional incidents in New Jersey, showing that for purposes of these Defendants, pursuit of Mr. Bah had little regard for state borders or jurisdiction.



The Hon. P. Kevin Castel
U.S. District Court, Southern District New York
Re:  Bah v. Apple and SIS, et al.
Letter Memorandum, Motion to Amend
VIA CM/ECF
July 27, 2020
Page 5

Defendants' attempts to dismiss this action through misdirection should not be countenanced by this Court.  We ask that Your Honor consider Defendant's conduct in determining which party has been 'brazen' in this litigation and urge the Court to allow Plaintiff's Motion.

### 3. Plaintiff's Familiarity with Mamadou Barry Does Not Invalidate His Claims Against Apple or SIS for Defamation or Reckless Conduct.

The Defendants claim that the Plaintiff's acquaintance with the actual thief somehow precludes his suit against them or demonstrates that these claims are in "bad faith" – an ironic claim from Defendants, who have based Motions in this Court on outright misrepresentations and distortion.  In fact, Ousmane Bah's familiarity or later recognition of the thief who stole his learner's permit does not entitle Apple or SIS to recklessly blame the Plaintiff for his acquaintance's crimes, or their false accusation of Bah in multiple courts.

Defendants' arguments suggest that it is the affirmative duty of Mr. Bah (an illegally arrested and detained Black 18-year-old Muslim immigrant taken from his home in handcuffs in the early morning hours by police based upon false accusations from Apple and SIS in several states) to ignore his feelings of distrust and actively participate in an investigation of another Black man, with the expectation that Mr. Bah would not be harmed in the process (all while Apple and SIS, behind the scenes, were busy discarding evidence which would prove his innocence).[3]

This position has no place in the real world, as appellate courts across this country are now acknowledging.  "[I]n an environment where minorities have legitimate suspicion of how they might be treated by police, they will be more likely to try to avoid police contact." *People v. Horton*, 413 Ill Dec 497, 512, 78 NE3d 489, 504, 2017 IL App (1st) 142019, ¶ 76 [2017]); see *Commonwealth v. Warren, 475 Mass. 530 (2016)  (a Black man's distrust of arresting officers and decision to flee rather than be questioned did not constitute evidence of guilt or probable cause for arrest).*  Apple and SIS' continued malicious prosecution against the Plaintiff – long after they were aware of his innocence – tends to justify Mr. Bah's distrust as well.[4]

---

[3]     The Defendants, represented by experienced civil litigators, know these contentions are not good grounds for denial of an amendment, but are an effort to inflame the Court to "prejudge" the case or its results.  Plaintiff has little concern that this will occur.

[4]     Further, this Court should not draw a false equivalence between Plaintiff failing to allege acquaintance with the identified thief, which in no way is a legal defense to the defamation committed by the Defendants, to the Defendants' outright false denial of critical facts establishing that this Court has jurisdiction over the Defendants' actions in the context of



The Hon. P. Kevin Castel
U.S. District Court, Southern District New York
Re:  Bah v. Apple and SIS, et al.
Letter Memorandum, Motion to Amend
VIA CM/ECF
July 27, 2020
Page 6

In any event, such disputes do not warrant denial of a Motion to Amend.  The question of Plaintiff's reasonableness, to the extent it can even be raised in this context, is one for the jury's eventual determination.

### 4. The Complaint for Civil Rights Violations Against the NYPD is Directly Tied to the Allegations in this Matter by the Defendants' Own Conduct

Given that Defendants Apple & SIS were the parties directing the NYPD to pursue the Plaintiff, the civil rights violations of the NYPD resulting in Plaintiff's false arrest and detainment directly grow out of the facts already being litigated in this case.  Apple and SIS unduly influenced the NYPD's misidentification and wrongful arrest of the Plaintiff.  That the NYPD committed that false arrest does not in any way immunize Apple or SIS from liability in instigating the arrest.   Joinder of the New York civil rights allegations is therefore appropriate.

Denial would result in trials of this matter in multiple forums, which would be both inefficient and prejudicial to the Plaintiff, who lacks the combined resources of Apple and SIS to fight on multiple fronts, and would potentially serve to confuse a jury.  Juries are sophisticated enough to understand the standards of care, and wrongful arrest cases have been litigated along defamation cases for some time.  There is no undue prejudice in joining the cases, nor is there any issue regarding jurisdiction.

Neither Apple or SIS have held a position as it relates to the second amended complaint seeking to include the NYPD and Detective Reinhold.  The Amendment should be allowed.

### 5. Denial of this Motion Will Potentially Unduly Prejudice the Plaintiff.

This matter was initially filed in April 2019, within New Jersey's one-year defamation statute of limitations.  See *NJ Stat §2A 14:3*.[5]  This Court's order dismissing the New Jersey counts, absent the information contained in the parties' discovery, occurred in February 20, 2020, outside of the statute's express terms.

---

a Motion to Dismiss this entire action based upon jurisdiction.  The Defendants, and not the Plaintiffs, are abusing process and acting in bad faith here.

[5]     The initial thefts in which SIS and Apple identified Mr. Bah as a thief commenced in May 2018 in New Jersey and ended in December 2018 in Massachusetts.  *See, generally, Complaint.*



The Hon. P. Kevin Castel
U.S. District Court, Southern District New York
Re:  Bah v. Apple and SIS, et al.
Letter Memorandum, Motion to Amend
VIA CM/ECF
July 27, 2020
Page 7

     While decisions interpreting New Jersey's defamation statute provide for some measure of equitable tolling of the statute for mistaken filing in a "wrong" jurisdiction, denial of the Motion to Amend, which would relate these allegations back to the original filing date, would force the Plaintiff to essentially depend upon another Court's discretion for the claim's survival, rather than proceed in this Court as of right.  Especially where the Defendant's dismissal was obtained in part through false representation in affidavits,[6] denying this motion and placing the claim at risk (where there is no dispute that the individual and corporate defendants made false statements about the Plaintiff's character, and their defense relies only upon qualified privilege[7]) unduly prejudices the Plaintiff.

     Defendants' arguments about Plaintiff's claims having run against the newly added individual Apple and SIS Defendants (all of whom were acting on behalf of the corporate defendants with full knowledge of the events of this matter, and whose actions give rise to corporate liability) are also inapposite.  As related parties, the filing date of the claims against them would of right relate back to the original Complaint.  *See, generally, FRCP 15(c)*.  The named Defendants were not ignorant of the litigation or their role in defaming the Plaintiff.  Furthermore, as the identity of the actors or this Court's jurisdiction over their actions could not be well pleaded until the Defendants provided discovery responses, the claims would not mature until the Plaintiff had fair notice of the individuals' identities and actions – in other words, when discovery in this matter disclosed what they had done and how this Court had jurisdiction over them.[8]

     In summary, Plaintiff has demonstrated a nexus between the Defendants' business and investigative activities in New Jersey and the New York forum – a nexus which the Defendants deliberately sought.  The Defendants' adoption of the false statements in SIS' Motion are additional proof

---

[6]    "A statute of limitations is not permitted to be used "as a sword" by an adversary whose misconduct prevents a claimant from filing within the limitation period. *Ibid*. Another circumstance in which equitable tolling has been held to apply is where a plaintiff has "in some extraordinary way" been prevented from asserting his rights. *U.S. v. Midgley*, 142 F.3d 174, 179 (3d Cir.1998) (citing *Kocian v. Getty Refining & Marketing Co.*, 707 F.2d 748, 753 (3d Cir.1983)). Finally, equitable tolling may be appropriate where a plaintiff has timely asserted his rights mistakenly by either defective pleading **or in the wrong forum**. *Id*. at 179; *see also Dunn, supra*, 301 N.J.Super. at 280, 693 A.2d 1248. [***29]. (*Freeman v State*, 347 NJ Super 11, 31, 788 A2d 867, 880 [Super Ct App Div 2002])   (Emphasis added)

[7]    Under no circumstances could a defamation lawsuit based upon repeated admittedly false claims of criminal activity be viewed as "frivolous" or "unsubstantiated."

[8]    As to Defendant Forbes, the Defendants correctly note the erroneous omission of specific allegations against him in the Complaint. Although Plaintiff could easily provide such allegations in yet another amendment, his addition to the Complaint does not materially change the underlying case, and further amendment would only serve to delay this matter.  As a matter of practicality, therefore, Plaintiff agrees to strike Forbes' name from the Amended Complaint.



The Hon. P. Kevin Castel
U.S. District Court, Southern District New York
Re: Bah v. Apple and SIS, et al.
Letter Memorandum, Motion to Amend
VIA CM/ECF
July 27, 2020
Page 8

of that nexus.  Denial of the Plaintiff's motion would unduly prejudice the Plaintiff, and allowance of the Motion would not materially or unjustifiably prejudice the Defendants.  The Motion should therefore be allowed.

Sincerely,

Daniel Malis, Esq.

Subhan Tariq, Esq.
Counsel for Plaintiff Ousmane Bah

DM/dm
Attachments – Exhibits 1-3
CC.:   Carrie Cohen, Esq.  (VIA CM/ECF)
          David Metzger, Esq.  (VIA CM/ECF)