UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
OUSMANE BAH,

                              Plaintiff,                          19-cv-3539 (PKC)

        -against-                                      OPINION
                                                                 AND ORDER

APPLE INC. and SECURITY INDUSTRY
SPECIALISTS, INC.,

                            Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        On February 10, 2020, the Court partially granted defendants' motions to dismiss the First Amended Complaint. Of particular relevance, the Court held that it possessed personal jurisdiction over Apple and Security Industry Specialists, Inc. ("SIS") for Bah's defamation and malicious prosecution claims arising from the alleged thefts from Apple's New York stores (the "New York Incidents") but lacked such jurisdiction over defendants for Bah's claims arising from the alleged thefts from Apple's stores in New Jersey (the "New Jersey Incidents") and other states. (Doc. 49). On July 15, 2020, Bah submitted a motion for leave to amend the Complaint and included a proposed Second Amended Complaint. (Docs. 73 & 73-2). The Court will grant Bah's motion for leave to amend in part and deny it in part.

        "Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend 'shall be freely given when justice so requires,' it is within the sound discretion of the district court to grant or deny leave to amend." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007). "A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." Id. "'Proposed

amendments are futile,' and thus must be denied, 'if they would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.'" Tannerite Sports, LLC v. NBCUniversal News Grp., 864 F.3d 236, 252 (2d Cir. 2017) (quoting Thea v. Kleinhandler, 807 F.3d 492, 496–97 (2d Cir. 2015)). The party opposing a motion to amend bears the burden of demonstrating that the proposed amendment is futile. See, e.g., Lee v. Kylin Mgmt. LLC, No. 17-cv-7249, 2019 WL 917097, at *3 (S.D.N.Y. Feb. 25, 2019).

In ruling on Bah's request, the Court has considered the parties' letters, the proposed Second Amended Complaint, the operative First Amended Complaint, and the Court's February 10, 2020 Opinion and Order on the motion to dismiss, with which the Court presumes familiarity. Bah's request to amend is timely, occurring within the time period prescribed by the March 19, 2020 Scheduling Order, (Doc. 61), as extended by the Court's Order of June 11, 2020, (Doc. 72). Upon review, the Court rules as follows.

First, Bah moves for leave to amend the Complaint to add New York Police Department ("NYPD") Detective John Reinhold, NYPD Officers John Doe 1 to 3, the NYPD, and the City of New York as defendants (collectively, the "New York City defendants") and assert federal civil rights claims against them. The current defendants in this case, Apple and SIS, do not oppose this proposed amendment. Accordingly, Bah is granted leave to amend in order to add the New York City defendants and assert the specified claims against them.

Second, Bah moves to add Derek Forbes, an Apple employee, as an individual defendant. Upon notice of facially defective pleading as to Forbes in the proposed Second Amended Complaint, Bah withdrew the proposed amendment as to Forbes. (Doc. 76 at 7 n.8). The Court deems this proposed amendment withdrawn.

Third, Bah moves to amend the Complaint in order "to allow claims based upon Apple and SIS' defamatory acts and malicious prosecution in both New York and New Jersey." (Doc. 73 at 1). Bah argues that newly produced evidence permits the revival of the previously dismissed claims arising from the New Jersey Incidents. (Doc. 73 ¶¶ 2–6). The Court will deny Bah's motion for leave to amend the Complaint to revive claims arising from the New Jersey Incidents on the grounds of futility.

In the First Amended Complaint, Bah alleged that defendants defamed him and participated in malicious prosecutions against him in Connecticut, New Jersey, Massachusetts, and New York. In its February 10, 2020 Opinion and Order, the Court dismissed Bah's claims arising from the non-New York thefts, finding that the Court lacked personal jurisdiction over defendants, who are not domiciled in New York, for these out-of-state claims. As the Court noted, New York's long arm statute has a carveout for claims sounding in defamation as Bah's claims do. (Doc. 49 at 7, 10). Despite Bah's characterizations, the new allegations in the proposed Second Amended Complaint do not cure the prior deficiencies in the First Amended Complaint or otherwise state a claim arising from the New Jersey Incidents.

Specifically, the primary piece of newly produced evidence to which Bah points, a November 15, 2018 email from an SIS employee in New Jersey to Detective Reinhold, does not represent a new allegation curing the previously identified deficiencies with Bah's non-New York claims. Though the details provided by this email are newly discovered, the allegation that the email supports, namely that defendants' employee published an allegedly defamatory statement to defendants' other employees and to the NYPD, was assumed to be true by the Court when deciding the motion to dismiss. (Doc. 49 at 9). The email, which was published to a New York audience, intended to have a specific effect in New York, and is related to defendants' ongoing commercial

3

activities within New York, provides a basis for personal jurisdiction over defendants for Bah's claims related to the New York Incidents. In sum, the November 15, 2018 email, though originating from New Jersey, relates to the New York Incidents, not the New Jersey Incidents.

As such, this email fails to cure the identified deficiencies in the First Amended Complaint, specifically the failure to establish a substantial nexus between the defamation claims arising from the New Jersey Incidents and the defendants' New York commercial activities as required by New York's longarm statute or establish a sufficient connection between the malicious prosecution claims arising from the New Jersey Incidents and the defendants' New York commercial activities as required by due process.

No other new allegation in the proposed Second Amended Complaint remedies the personal jurisdiction deficiencies for claims arising from the non-New York thefts that the Court identified in its February 10, 2020 Opinion and Order on the motion to dismiss. Accordingly, the Court finds that the proposed amendments are futile, McCarthy, 482 F.3d at 200, and denies Bah's motion for leave to amend to revive his defamation and malicious prosecution claims arising from the New Jersey Incidents.

Fourth, Bah moves for leave to amend the Complaint to add SIS employee, John Woodruff, as a defendant. Based on the allegations in the proposed Second Amended Complaint, specifically the November 15, 2018 email that Woodruff sent to Detective Reinhold, there appears to sufficient grounds for potential claims of defamation and malicious prosecution arising from the New York Incidents against Woodruff. Accordingly, the Court will grant Bah's motion to amend to add Woodruff as a defendant, without prejudice to Woodruff's right to seek dismissal of the claim.

Fifth, Bah moves for leave to amend the Complaint to add SIS employee, Steven Yhap, as a defendant. The allegations in the proposed Second Amended Complaint against Yhap relate only to previously dismissed claims arising from the New Jersey Incidents. Those claims have been dismissed and, as discussed above, are not revived by Bah's proposed amendments. Thus, for substantially the same reasons as those relied upon in denying leave to revive claims arising from the New Jersey Incidents, leave to amend to add Yhap as a defendant will be denied.

Sixth, Bah moves for leave to amend the Complaint to add claims of negligence as well as intentional and/or negligent misrepresentation against Apple and SIS. However, Bah failed to provide a justification for this amendment in his initial letter to the Court seeking leave to amend. (Doc. 73). Nor did Bah's reply letter respond to defendants' opposition, which alleged deficiencies in these proposed claims. (Doc. 76). Further, Bah made substantively similar allegations in the original Complaint, (Doc. 1 at 10, 20), but withdrew these allegations from the First Amended Complaint, (Doc. 23), following receipt of pre-motion letters from defendants, (Docs. 14 & 16). Having previously withdrawn these claims and having failed to respond to defendants' current arguments against these amendments, Bah's proposed additional claims of negligence as well as intentional and/or negligent misrepresentation against Apple and SIS are deemed abandoned. See Felix v. City of New York, 344 F. Supp. 3d 644, 654 (S.D.N.Y. 2018) ("[A court] may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed."); see also Jackson v. Fed. Exp., 766 F.3d 189, 196 (2d Cir. 2014). Accordingly, the Court denies leave to amend the Complaint to include such claims.

Bah's motion for leave to amend the Complaint is GRANTED in part and DENIED in part.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       August 11, 2020