# EXHIBIT 1



## Changing Address?

If you change your residence, cross out the old address on the front of this document and write in your new address. You must notify DMV of your new address within 10 days, using DMV Form MV-232, which is available to download from the DMV web site at www.dmv.ny.gov.

MV-1 (8/16) PART 2

### Restrictions

| | | | |
|---|---|---|---|
| A | ACCEL LEFT OF BRAKE | P | NO PASSENGERS IN CMV BUS |
| A1 | TEMPORARY VISITOR | P1 | POWER BRAKES |
| A2 | PROBLEM DRIVER | Q | POWER STEERING |
| A3 | MED CERT EXEMPT | R | BUILT-UP SEAT/PED/SHOE |
| A4 | IGNITION INTERLOCK DEVICE | U | HAND OPERATED BRAKE |
| B | CORRECTIVE LENSES | V | MEDICAL VARIANCE |
| C | MECHANICAL AID | V1 | FOOT-OPER PARKING BRAKE |
| D | PROSTHETIC DEVICE | X | NO CARGO IN CMV TANK VEH |
| E | NO MAN TRANS EQUIPPED CMV | X1 | FULL HAND CONTROL |
| E1 | AUTOMATIC TRANSMISSION | Y | SHOULDER HARNESS USE |
| F | OUTSIDE MIRROR | Z | NO FULL AIRBRAKE EQUIP CMV |
| F1 | HEARING AID OR FULL VIEW MIRROR | Z1 | WHEEL SPINNER |
| G | DAYLIGHT DRIVING ONLY | 4 | TELESCOPIC LENS 4 |
| H | LIMITED TO EMPLOYMENT | 5 | NO LIMTD ACCESS RDS |
| I | LIMITED USE AUTO MAX 40 MPH | | |
| I1 | LIMTD USE MCY MAX 40 MPH | | Endorsements |
| I2 | LIMTD USE MCY MAX 30 MPH | F | FARM CLASS A VEHICLES |
| I3 | LIMTD USE MCY MAX 20 MPH | G | FARM CLASS B VEHICLES |
| I4 | THREE WHEEL MCY | H | HAZARDOUS MATERIALS |
| K | CDL INTRASTATE ONLY | M | METAL COIL |
| L | NO AIRBRAKE EQUIPPED CMV | N | TANK VEHICLES |
| M | NO CLASS A PASSENGER VEH | P | PASSENGER TRANSPORT |
| N | NO CLASS A/B PASSENGER VEH | R | RV GVWR OVER 26,000 LBS. |
| N1 | NO VEHICLE DESIGNED FOR 15 OR MORE ADULT PASSENGERS | S | SCHOOL BUS |
| N2 | NO VEHICLE DESIGNED FOR 8 OR MORE ADULT PASSENGERS | T | DOUBLES/TRIPLES |
| O | NO TRACTOR/TRAILER CMV | W | TOW TRUCK |
| O1 | NO TRACTOR TRAILER CMV/ TRUCK NOT OVER 26,000 GVWR | X | TANK/HAZMAT |

(FOLD ALONG THIS LINE)

---

NYS Department of Motor Vehicles

**NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES**
Visit us at dmv.ny.gov
**CUSTOMER RECEIPT**
**INTERIM PERMIT**

Class D
DOB XX/XX/XX   F
JAN 29 2019 WEB   17.50   WEB   CDA
I2      81

This Temporary Document is not Valid for Identification Purposes

MV-1 (8/16) PART 4

---

NYS Department of Motor Vehicles
THIS TEMPORARY DOCUMENT IS NOT VALID FOR IDENTIFICATION PURPOSES

**INTERIM PERMIT**

I2946881    JAN 29 2019
WEB   Fee   17.50   WEB   CDA

Original Issuance Date 09/11/17

235022

(FOLD ALONG THIS LINE)

---

NYS Department of Motor Vehicles

**INTERIM PERMIT**

Class D    Restrictions B
Endorsements    NONE
Status terminates on   0_/__/2_
Probation Date    NONE
This document expires on   03/30/19



BETHPAGE    NY    11714
Sex   F    Eyes BR    Ht. 5 0
Birthdate    XX/XX/XX
Additional Restrictions    NONE

Sign Here X_____

Keep this document until you receive your Photo Document
MV-1 (8/16)  PART 2

# EXHIBIT 2

**From:** "John Woodruff" <jwoodruff@sis.us>
**To:** "john.reinhold@nypd.org" <john.reinhold@nypd.org>
**Subject:** Apple Theft- Ousmane Bah
**Date:** Thu, 15 Nov 2018 13:55:43 -0500
**Importance:** Normal
**Attachments:** PERP_BAG.jpg; PERP.jpg; PERP_PHONE.jpg; PERP_POCKETS.jpg

---

Hi John,

   The below individual is known to us as Ousmane Bah. He has been hitting Apple stores for quite a few months now and doesn't seem to be stopping. I am not sure if you have a contact with our Apple LP district managers but I recently heard from an Apple manager at Staten Island that you were trying to ID him. I can give u whatever I have on his cases and losses we have experienced if you have not already gotten it. Looks like he hits from Connecticut to south Jersey. Feel free to reach out to me anytime.

856-520-3154


---------- Forwarded message ---------
From: <info@metrorca.org>
Date: Thu, Nov 8, 2018 at 5:56 PM
Subject: METRORCA Alert Staten Island, Region - MetroNYCLongIsland, Theft,Greater Than $1000,Concealment
To: <Jwoodruff@sis.us>


# Incident

**Store Type(s) Affected*:**
Please select at least one.

[X] Specialty Store

**Type of Offense(s):**
[X] Theft

**Methods Used:**
[X] Concealment

**Total Case Value:**
[X] > $1000

**Repeat Offender(s):**
[X] Yes

**Individuals Involved: ***

| Race | Age | Weight | Height |
|---|---|---|---|
| [X] African American | [X] 18-25 | [X] 100-120 | [X] 5'7-5'11 |

**Description of the incident. ***
The Staten Island Grand Larceny Squad is endeavoring to identify the photographed male

perpetrator above. The
above individual did remove store merchandise from Apple Store on October 22, 2018 and October 24, 2018. Apple Store is located in the Staten Island Mall, 2655 Richmond Avenue in the confines of the 121 precinct. Anyone with information regarding
this case, please contact the undersigned at 718-876-7662.

## Description of the people involved.
Male Black observed to be wearing a black "Atlanta Falcons" jacket.

## Description of the vehicle(s) involved.


## Date / Time of the Incident:
Date: 10/22/2018   Approximate Time:  3 pm

## Incident Location:
2655 RICHMOND AVENUE
**City:**
Staten Island
**State:**
NY

**County**:               **NY-Richmond**  **Zip Code:**
MetroNYCLongIsland                          10314

## Suspect's Name:


## Attach any photos / files:




## Police Report # / Internal Case:

## Officer or Person that took the report:

## Submitter's Full Name:
john reinhold
## Company / Organization Name:
nypd
## Best Contact Number:
718-876-7662
## Email Address:
john.reinhold@nypd.org

Tracking Number: 201800685

To remove yourself from this mailing list, click here
--
John Woodruff
Loss Prevention Specialist
Security Industry Specialists, Inc. (SIS) -------------------------------------------------------------------------Los Angeles * New York * San Jose * Seattle * Brazil800.201.3742 Office856.520.3154 Mobile

SIS000162

# EXHIBIT 3

MORRISON | FOERSTER

250 WEST 55TH STREET
NEW YORK, NY 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BOSTON,
BRUSSELS, DENVER, HONG KONG,
LONDON, LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI
SINGAPORE, TOKYO, WASHINGTON, D.C.

October 12, 2020

Writer's Direct Contact
+1 (212) 468.8049
CCohen@mofo.com

<u>Via E-mail</u>

Daniel Malis, Esq.
Law Offices of Daniel Malis, PC
30 Second Street
Cambridge, Massachusetts 02141-1734

Subhan Tariq, Esq.
34-18 Northern Boulevard
Suite 2-25
Long Island City, New York 11101

Re:   *Bah v. Apple Inc., et al.*, No. 1:19-cv-03539 (PKC) – Apple's Fourth Production of
      <u>Documents Bearing Bates Ranges APL-BAH_00000464 – 550</u>

Counsel:

On behalf of Apple Inc. ("Apple"), we are sending you today, via file transfer, the following documents that the Court ordered for production in redacted form at the September 21, 2020 discovery conference:

- A loss prevention policy for Apple retail stores that references training of store employees on shoplifting incidents (bearing Bates numbers APL-BAH_00000464 – 84).

- The Services Agreement between Apple and Security Industry Specialists, Inc. ("SIS") and attachments (bearing Bates numbers APL-BAH_00000485 – 550).

These documents are being produced pursuant to the terms of the Stipulated Protective Order entered into by the parties on April 29, 2020, (ECF No. 62), and ordered by the Court on April 30, 2020, (ECF No. 65).

Next, we have confirmed that Apple does not have any written policy regarding the retention of retail store surveillance video. We also have confirmed that Apple does not have surveillance video of its retail store in Westchester, New York from November 14, 2018.

MORRISON | FOERSTER

Daniel Malis, Esq.
Subhan Tariq, Esq.
October 12, 2020
Page Two

With respect to the remaining issue raised in your October 5, 2020 letter, contrary to your assertion, the Court did not order Apple to supplement "related metadata and ESI information" for any Be-On-The-Lookouts ("BOLOs") that Apple or SIS produced. Rather, the Court ordered you to identify and provide to us (and SIS's counsel) a list of BOLOs that you claim reflect undisclosed recipients so we can determine if there is any additional metadata or ESI information. As you have not yet provided any such list and all of the BOLOs referenced in your letter and attachments include, on their face, a list of email recipients we have nothing further to provide to you at this time.

Finally, we have read the letter your ESI consultant, alvEdiscovery, LLP, sent to you on October 5, 2020 (and which you then sent to us that same day). That letter does not identify any purported violation of a specific provision of the Stipulation on Electronic Discovery that the parties entered into on May 11, 2020 and that the Court ordered on May 12, 2020, (ECF No. 69, the "ESI Protocol"). Apple fully complied with the ESI Protocol, but we are available to confer in order to better understand any purported issues.

We also look forward to receiving your production of additional communications between Messrs. Bah and Barrie in accordance with the Court's Order and our agreement to produce documents today.

Very truly yours,

Carrie H. Cohen

cc: David L. Metzger, Esq. (via e-mail)
John Schemitsch, Esq. (via e-mail)

**LEWIS JOHS**
Lewis Johs Avallone Aviles, LLP
Counsellors at Law

October 30, 2020

*Via e-mail:* subhan@tariqlaw.com
Subhan Tariq, Esq.

*Via e-mail:* Daniel.malis@malislaw.com
Daniel Malis, Esq.

      Re:    **Ousmane Bah v. Apple Inc. and Security Industry Specialists**
             **Our Client:  Security Industry Specialists ("SIS")**
             **Docket No.: 19 cv 3539**
             **LJAA File No.: 0270-1037-NY00**

Mr. Tariq/Mr. Malis:

The attached will serve as our Second Supplemental Document Response, in response to your October 28, 2020 email inquiry and the "meet and confer" of October 22, 2020.

As to the issue of video retention policy, as was indicated in our initial written response to Document Requests, the video for the subject incidents is not the property of or maintained by SIS and as such SIS does not have any video retention policy applicable to those incidents.

As I advised you in the meet and confer, SIS does not maintain any "Post Orders" for the subject stores. SIS does maintain a printed document version copy of the general training manual previously disclosed.

As I advised you in the meet and confer, the monthly security updates are a spread sheet that for each store, for each month, simply state the number of incidents, the dollar figure of recovery, the incidents year to date and the dollar figure of recovery year to date. SIS therefore objects to the production of this document as not relevant and not proportional to the needs of the case.

By separate e-mail you will receive a link for the BOLO metadata subject to the ESI protocol. This metadata includes the BOLOs for the following stores/incidents:

| Date | Store | Bates Nos. |
| --- | --- | --- |
| 5/5/18 | Menlo Park, NJ | 000610-000613 |
| 5/5/18 | Short Hills, NJ | 000614-000618 |
| 5/14/18 | King of Prussia, PA | 000619-000622 |



**Ousmane Bah v. Apple Inc. and Security Industry Specialists**
October 30, 2020
Page 2

| | | |
|---|---|---|
| 9/14/18 | Short Hills, NJ | 000623-000627<br>000638-000640 |
| 9/18/18 | Freehold, NJ | 000628-000632<br>000641-000643 |
| 9/18/18 | Cherry Hill, NJ | 000633-000637 |
| 10/17/18 | Rockaway, NJ | 000644-000647 |
| 10/24/18 | Menlo Park, NJ | 000648-000651 |
| 10/26/18[1] | Lawrence Township, NJ | 000652-000655 |
| 2/18/19 | Rockaway, NJ | 000656-000657 |

Please note that all documents have been marked "Confidential".

Thank you.

Very truly yours,

*David Metzger*

David L. Metzger
dlmetzger@lewisjohs.com
*New York City Office*

cc:
kviggiani@mofo.com
ccohen@mofo.com
jschemit@law.nyc.gov

---

[1] Incident Report (Bates 152-158) is dated 10/29/18 for the theft indicated to have occurred on 10/26/18. The BOLO, sent 11/7/18 mistakenly indicates 11/29/18 (Bates stamp as above and Bates No. 413-414)

# EXHIBIT 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
=============================================X
OUSMANE BAH,

                19 Civ. 3539 (PKC)

          Plaintiff,

-against-                DECLARATION OF
                              TOM STEVENS

APPLE INC. and SECURITY INDUSTRY
SPECIALISTS, INC.

          Defendant.
=============================================X

DECLARATION OF TOM STEVENS IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(b)(2),(6)

      I, Tom Stevens, pursuant to 28 U.S.C. Sec.1746, under the penalties of perjury, declare that the following is true and correct.

      1. I am the Vice President of Retail Operations for Security Industry Specialists, Inc. ("SIS") and I held this same position in 2018.

      2. SIS is a California Corporation with its corporate headquarters and principal place of business located, currently and in 2018, at 6071 Bristol Parkway, Culver City, CA 90230.

      3. SIS, currently and in 2018, provides "loss prevention" services to Apple retail stores in multiple states. "Loss prevention" is a specifically contracted security service wherein SIS employees are assigned to a retail store to detect shoplifters, make apprehensions and, if necessary, contact local law enforcement regarding the theft.

      4. SIS, currently and in 2018, leases office space in New York at 601 W.26th Street, New York, NY. SIS currently and in 2018 provides security services to several (non-Apple) retailers in New York City. However, neither currently, nor in 2018 did SIS provide "loss prevention" services to any retailers in the City or State of New York.

5. Neither currently, nor in 2018, is/was SIS the contracted security guard company for any Apple retail store in New York City. SIS does not perform "loss prevention" services for any Apple retail store in New York State.

6. I have reviewed the June 26, 2019 correspondence from SIS's attorney, David Metzger, listing the Apple store locations for which SIS is aware of a report to law enforcement for an individual previously identified to SIS by law enforcement as Ousmane Bah. That is a true and accurate list. SIS did not identify Ousmane Bah to law enforcement in New York State and did not file any report or complaint against him with law enforcement in New York State.

7. SIS did not disseminate the identity or image of the individual previously identified as Ousmane Bah to any Apple store, or to any security company assigned to any Apple store, in New York City.

Dated and Executed:

Edison, New Jersey
July 30, 2019

_____
TOM STEVENS