Case 1:19-cv-03539-PKC   Document 153   Filed 05/10/21   Page 1 of 6

# MALIS | LAW

LAW OFFICES OF DANIEL MALIS, PC

30 SECOND STREET
CAMBRIDGE, MA 02141
TEL (617) 491-1099
FAX (617) 491-1022

Daniel.Malis@MalisLaw.com
www.malislaw.com



May 10, 2021

The Hon, Judge P. Kevin Castel
United States District Court (SDNY)
Via CM/ECF

Re:   *Bah v. Apple Inc.*, et al
      U.S.D.C. SDNY Docket No. 1:19-CV-03539-PKC
      Letter Motion to Seek Reconsideration Pursuant to Rule 54(b)

Dear Judge Castel:

I and my fellow counsel, Subhan Bah, Esq. represent Plaintiff Ousmane Bah ("Plaintiff") in the above-referenced matter. We write to Your Honor today to seek reconsideration, pursuant to Federal Rule of Civil Procedure 54(b), of this Court's February 2, 2020 Opinion and Order (the "Order") with respect to the dismissal of New Jersey allegations from this litigation, as well as this Court's partial denial of Plaintiff's Motion to Amend in July 2020. We argue that the Supreme Court's recent holding in *Ford Motor Company v. Montana Eighth Jurisdictional District,* 141 S. Ct. 1017 (March 25, 2021), broadened the definition of jurisdictional "nexus" in connection with companies acting in a "global" manner so as to afford this Court jurisdiction over the New Jersey allegations in the above-referenced matter.

As Your Honor will recall, your ruling on Defendants Apple's and SIS' motions to dismiss dismissed all out-of-state claims, including the New Jersey allegations. Your Honor held that section "302(a)(1) [of New York's long-arm statute] does not supply jurisdiction because these allegedly defamatory statements lack a substantial nexus with defendants' business activities in New York. These statements were either reports to non-New York law enforcement or internal statements, which were allegedly made to defendants' employees across several states." *See Docket Entry 49 at 10.* Your Honor found that the Plaintiff's Complaint "faile[ed] to tie these statements directly to defendants' New York retail operations or to a specific New York audience."

After Plaintiff presented an Amended Complaint specifically providing evidence that tied Defendant SIS' New Jersey investigation to the New York conduct, Your Honor reiterated that ruling. You noted that you had inferred that statements from prior arrests, including New Jersey, had informed the New York defamatory acts, but that because there was no specific tie between



# MALIS | LAW
LAW OFFICES OF DANIEL MALIS, PC

The Hon. Kevin P. Castel
United States District Court (SDNY)
Re: Bah v. Apple et al
Plaintiff's Letter Motion for Reconsideration

May 10, 2021 (VIA CM/ECF)
Page 2

the information and Apple's business in New York that was insufficient as a basis for personal jurisdiction.  *Order, Plaintiff's Second Amended Complaint, August 11, 2020, Docket No. 79.*

However, the Supreme Court's Order in *Ford Motor, supra,* has sufficiently broadened the definition of "nexus" to implicate connection of tortious acts to businesses operating "globally" in those states, even if the tort did not connect to a specific business act in the state where jurisdiction was sought.  Based upon that decision, we argue that there is sufficient connection between Apple and SIS' operations in New Jersey, the false claims made in New Jersey, and the later arrest in New York to provide a sufficient nexus under New York law and constitutional due process to afford jurisdiction in New York concerning the New Jersey claims.

Federal Rule of Civil Procedure 54(b) provides that a party may seek revision of a court's order or decision by filing a motion for reconsideration at any time prior to final judgment. Fed. R. Civ. 54(b); S.D.N.Y. Local Civ. R. 6.3. "Whether to grant or deny a motion for reconsideration . . . is in the sound discretion of a district court judge." *See Greenwald v. Orb Communications & Marketing, Inc.,* No. 00 Civ. 1939, 2003 U.S. Dist. LEXIS 2792, 2003 WL 660844, at * 1 (S.D.N.Y. Feb. 23, 2007) (*internal quotation marks and citation omitted*). In the Second Circuit, reconsideration under Rule 54(b) may be granted based on "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *See Prescia v. U.S. Life Ins. Co. in City of N.Y.,* No. 10 CV 2518, 2011 WL 70569, at *1 (S.D.N.Y. Jan. 6, 2011) (*citations omitted*).

The *Ford* decision provides such a change in law.  As noted above, the *Ford* decision expands the concept of "nexus" beyond a direct connection between in-state activity and the basis for suit.  In *Ford,* the Supreme Court confronted Ford's argument that jurisdiction over a product liability claim lay only in the state of manufacture or sale of the allegedly defective vehicle. The Court strongly disagreed.  The majority decision noted:

> **"None of our precedents has suggested that only a strict causal relationship between the defendant's in-state activity and the litigation will do.**  As just noted, our most common formulation of the rule demands that the suit 'arise out **of or relate to the defendant's contacts with the forum.'"** *Id.,* at ____ (slip op., at 5) (quoting *Daimler,* 571 U. S., at 127; *emphasis added; alterations omitted*); *see supra,* at 6. The first half of that standard asks about causation; but the back half, after the "or," contemplates that some relationships will support jurisdiction without a causal showing **... we have never framed the specific jurisdiction inquiry as always requiring proof of causation — i.e.,**

Case 1:19-cv-03539-PKC   Document 153   Filed 05/10/21   Page 3 of 6



# MALIS | LAW
LAW OFFICES OF DANIEL MALIS, PC

The Hon. Kevin P. Castel
United States District Court (SDNY)
Re:  Bah v. Apple et al
Plaintiff's Letter Motion for Reconsideration

May 10, 2021 (VIA CM/ECF)
Page 3

*proof that the plaintiff's claim came about because of the defendant's in-
state conduct.* (*emphasis added*)

As Plaintiff noted in his July 2020 Motion to Amend, the following email sent to the officer
pursuing the New York charges was sent from Defendant Apple's security agent, Defendant SIS,
through its employee Defendant John Woodruff ("Woodruff") on November 15, 2018, the same
date upon which Defendant Detective Reinhold issued his "arrest card" for the apprehension of
the Plaintiff:

> **From:** John Woodruff <jwoodruff@sis.us>
> **Sent:** Thursday, November 15, 2018 1:55:43 PM
> **To:** REINHOLD, JOHN
> **Subject:** Apple Theft- Ousmane Bah
>
> Hi John,
>
> The below individual is known to us as Ousmane Bah. He has been hitting Apple stores for quite a
> few months now and doesn't seem to be stopping. I am not sure if you have a contact with our Apple
> LP district managers but I recently heard from an Apple manager at Staten Island that you were trying
> to ID him. I can give u whatever I have on his cases and losses we have experienced if you have not
> already gotten it. Looks like he hits from Connecticut to south Jersey. Feel free to reach out to me
> anytime.

Further, in pleadings filed with this Court, Defendants Detective Reinhold and the City of
New York credited the Apple and SIS allegations from New Jersey (the only location where the
imposter was apprehended and identified during the May 2018 arrest of Mamadou Barrie when
he was pretending to be the Plaintiff) as being the basis for the probable cause finding.
*Memorandum, New York City Motion to Dismiss, Document 144, pages 10-11, March 2021*.

Therefore, from a logical and factual perspective, the New York arrest, as the City of
New York seems to concede, likely could not have occurred without Apple and SIS' tortious
accusations from New Jersey and the wrongful charging of Bah in New Jersey. To divorce
substance of the Defendants' tortious actions in that state from their remedy would be both
illogical and would cause undue harm to the Plaintiff, and potentially confuse the jury as well (as
argued further below).

We contend that under the expanded "nexus" holding of the Supreme Court, this shared
business purpose in New York and New Jersey (the prosecution of an alleged thief who stole



MALIS | LAW
LAW OFFICES OF DANIEL MALIS, PC

The Hon. Kevin P. Castel
United States District Court (SDNY)
Re: Bah v. Apple et al
Plaintiff's Letter Motion for Reconsideration

May 10, 2021 (VIA CM/ECF)
Page 4

from Apple in both New Jersey and New York stores), as well as Apple's agent, SIS, deliberately seeking out of the New York forum in its wrongful prosecution of Bah through communications with the New York Police, are a sufficient basis for a finding of personal jurisdiction.

A further point regarding the Supreme Court's rejection of Ford's quite restrictive definition of personal jurisdiction focused on the "global" nature of Ford's business. As the Court noted, "... this Court has used this exact fact pattern (a resident-plaintiff sues a global car company, extensively serving the state market in a vehicle, for an in-state accident) as an illustration — even a paradigm example — of how specific jurisdiction works." *Id. citing Daimler,* 571 U. S. at 127, n. 5; *supra,* at 11.

There should be no dispute here as to whether Defendant Apple's commercial operations are "global" or whether their "global" sales activity in their New York stores are tied to New York. Similarly, Defendant SIS, as security arm for Defendant Apple's New Jersey stores, markets itself as a "global" security company marketing security services.

The facts at bar dramatically contrast with other claims where the sued defendants sought no contact with the forum seeking jurisdiction cited in the *Ford* decision, as in the case, for example, of *Walden v. Fiore,* 571 U. S. 277, 285 (2014), in which the suing plaintiffs sought jurisdiction in Nevada over a Georgia customs officer seizing goods in the Atlanta airport after the Nevada to Georgia flight landed.[1] Here, Defendants Apple and SIS not only stepped over the border, but also sought law enforcement's help to further their business interests not just in New York City, but in other stores throughout the Northeast, as mentioned by Defendant Woodruff of SIS.

Further, as noted in our prior Motion to Amend, this Court should give consideration to SIS' extraordinary measures in filing a perjured affidavit in an attempt to disconnect SIS, and also Apple, from the New York prosecution. In support of its Motion to Dismiss, Defendant SIS

---

[1]     As Justice Alito noted in concurring with Justice Kagan's majority opinion, "... Minnesota and Montana courts have not reached out and grabbed suits in which they 'have little legitimate interest.' *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.,* 582 U. S. _, (2017) (slip op., at 6). Their residents, while riding in vehicles purchased within *their* borders, were killed or injured in accidents on *their* roads. Can anyone seriously argue that requiring Ford to litigate these cases in Minnesota and Montana would be similarly unfair?" In this case, the deprivation of liberty suffered by the Plaintiff – the New York arrest – happened in no insignificant part because of the defamatory acts of the Defendants in New Jersey. Does litigating in this case in New York cause any "unfairness" to either corporate Defendant?



# MALIS | LAW
LAW OFFICES OF DANIEL MALIS, PC

The Hon. Kevin P. Castel
United States District Court (SDNY)
Re:  Bah v. Apple et al
Plaintiff's Letter Motion for Reconsideration

May 10, 2021 (VIA CM/ECF)
Page 5

submitted a knowingly false affidavit to this Court from SIS Vice President Thomas Stevens in which he claimed that no SIS employee had identified or provided the Plaintiff's name to the New York Police Department. *See Plaintiff's Letter Motion to Amend, July 15, 2020, Docket No. 73.* Defendant SIS' perjured submission, ironically, should cause the Court to infer that "where there is smoke, there's fire," and should prompt the Court to find jurisdiction here, rather than reject it.

Moreover, from a practical aspect, litigation of this case in pieces will lead to potentially inconsistent verdicts and oddly severed damages.  It is almost impossible for the Plaintiff to parse out which part of his injuries stem from the New Jersey defamation and malicious prosecutions as opposed to those in New York (much less, those in Massachusetts).  From administrative and common-sense perspectives, New York, where the Plaintiff's ultimate deprivation of freedom and damages have occurred, is an appropriate forum to resolve this dispute.  As the *Ford* decision notes,

> ... principles of "interstate federalism" support jurisdiction over these suits in Montana and Minnesota. *Id.*, at 293. Those States have significant interests at stake —"*providing [their] residents with a convenient forum for redressing injuries inflicted by out-of-state actors*," as well as enforcing their own safety regulations. *Burger King,* 471 U. S., at 473; see *Keeton,* 465 U. S., at 776.  *(emphasis added)*

Finally, this Court should consider the inequitable result of its dismissal of the Second Amended Complaint in light of New Jersey's restrictive Statute of Limitations for defamation matters. Plaintiff complied with that statute by his initial filing of the New Jersey allegations in this Court, and allowance of Plaintiff's motion for reconsideration would relate those pleadings back to the initial filing date of this matter. Plaintiff should not lose his day in Court concerning those allegations based upon Defendants' attempt to manipulate jurisdiction to frustrate those claims when there is ample evidence of their use of this forum to pursue the Plaintiff for alleged crimes committed in New Jersey.

Since the Defendants thought little of state borders in advocating that their New Jersey and other state interests be played out through an arrest in New York by New York law enforcement, we now ask this New York Court to enforce its law to award damages for that malfeasance in this state, where Plaintiff ultimately suffered damage from them. In light of the broader definition of "nexus" and jurisdictional requirements in the *Ford* case, we urge this Court to reconsider its denial of the portion of the Second Amended Complaint and restore the New Jersey allegations to this matter.



MALIS | LAW

LAW OFFICES OF DANIEL MALIS, PC

The Hon. Kevin P. Castel
United States District Court (SDNY)
Re:  Bah v. Apple et al
Plaintiff's Letter Motion for Reconsideration

May 10, 2021 (VIA CM/ECF)
Page 6

Therefore, we respectfully request that the Court grant Plaintiff's motion for reconsideration of its denial of Plaintiff's Motion to Amend of July 2020, pursuant to Rule 54(b), in light of *Ford Motor Company v. Montana Eighth Jurisdictional District*, 141 S. Ct. 1017 (March 25, 2021).

Thank you for your time and attention to this matter.

Sincerely,

Daniel Malis, Esq.

Subhan Tariq, Esq.

DM/dm
CC:    Counsel of record (via CM/ECF)