

30 SECOND STREET
CAMBRIDGE, MA 02141
TEL (617) 491-1099
FAX (617) 491-1022

Daniel.Malis@MalisLaw.com
www.malislaw.com

June 14, 2021

The Hon, Judge P. Kevin Castel
United States District Court (SDNY)
Via CM/ECF

      Re:    Bah v. Apple Inc. et al
             U.S.D.C. SDNY Docket No. 1:19-CV-03539-PKC
             Letter Reply to Defendants' Responses to Plaintiff's Motion for Reconsideration
             Request for Oral Argument

Dear Judge Castel:

      The Plaintiff hereby replies to Defendants' largely shared arguments opposing reconsideration of the Motion to Amend.

      As an initial matter, there are now three federal cases captioned Bah v. Apple et al., separately filed in New York, New Jersey, and Massachusetts, each stemming from the same set of operative facts: Apple and SIS' repeated false allegations that Plaintiff was a thief, amounting to defamation per se. The risk of material inconsistencies in rulings threatens the just resolution of them all.

      In their oppositions Apple and SIS wrongly argue that the Supreme Court's recent decision in *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.* did not change the jurisdictional requirement of "nexus" or connection between out of state events and in state injury. Two Justices of the Supreme Court felt otherwise; Justice Gorsuch, in his concurrence, and Justice Alito, in his.

      In *Ford,* the Supreme Court rejected Ford's attempt to use jurisdiction to sever the connection between their actual tortious conduct in misdesigning or selling a vehicle in another state from the event's causation of injury in Montana. The *Ford* court specifically rejected a "strict cause" standard for jurisdictional nexus and noted that instead focused on the affiliation created by a tortious act and other actions of a Defendant and the forum where jurisdiction was sought.

      Here, similar to *Ford,* Defendants have attempt to divorce their tortious conduct in New Jersey — where they recklessly misidentified the Plaintiff and began tarring his reputation — from their defamation of the Plaintiff in New York . By illustration alone, the Court's decision in the recently decided *Ford* case should provide an ample and new basis for finding jurisdiction over the New Jersey events. As the Court stated:

1



The Hon. Kevin P. Castel
United States District Court (SDNY)
Re:  Bah v. Apple et al
Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion for Reconsideration

June 14, 2021 (VIA CM/ECF)
Page 2

> "**We have never framed the specific jurisdiction inquiry as always requiring proof of causation—*i*.e., proof that the plaintiff's claim came about because of the defendant's in-state conduct** [or] whether there is "**an affiliation between the forum and the underlying controversy," without demanding that the inquiry focus on cause**…. A different State's courts may yet have jurisdiction, because of another "activity [or] occurrence" involving the defendant that takes place in the State.  *Ford Motor Co. v Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1026–27 (2021) (internal     citations omitted) (emphasis added).

The jurisdictional "nexus" requirement "ensures that a defendant will not be haled [sic]. into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Treeline Inv. Partners, LP v. Koren*, 2007 US Dist LEXIS 47748, at 12 (SDNY July 3, 2007), citing *Burger King v. Rudzewicz, 471 U.S. 462, 475 (1985)*. SIS' conduct, on behalf of Apple, in injecting the New Jersey investigation into New York was neither "random", "fortuitous", nor "attenuated". The New Jersey events are so linked to the New York defamation to require a finding of jurisdiction over that tort in your Honor's courtroom, even if events in New York did not "cause" the New Jersey torts to occur. *That is the seminal lesson and change to our jurisprudence in the Supreme Court's recent <u>Ford</u> ruling which now merits reconsideration.*

In wrestling with Defendants' New Jersey investigation and the New York arrests, this Court must use the same approach as the *Ford* court and evaluate the "affiliation" of the parties with this forum, *without analyzing whether events in New York caused a tort in New Jersey*. The ultimate determination is based on the totality of the circumstances, and not simply by looking at which events occurred over which border. *Agency Rent a Car Sys. v Grand Rent a Car Corp.*, 98 F3d 25, 29 [2d Cir 1996]).  As part of this analysis,  Court must address why an SIS investigator in New Jersey used the fruit of its investigation in New Jersey to officiously contact the New York Police Department to seek Bah's arrest on behalf of Apple in New York*, all while claiming under oath in this Court that it had no security responsibilities for Apple's New York store*.

The answer to the question is self-evident: SIS sought an arrest in Staten Island because it would lead to police and judicial custody of a New York resident who had eluded accountability, <u>who could then be extradited to New Jersey to face charges for the New Jersey thefts.</u> In so doing, SIS deliberately reached out to New York to further Apple and SIS' business interests in New Jersey, and purposely availed the companies of the protections and laws of New York.  By so doing, they made themselves subject to New York's jurisdiction not only regarding their conduct in this state but in New Jersey in recklessly creating the basis for these accusations.  See, e.g., *Agency Rent a Car vs. Grand Rent a Car Corp., 98 F.3d 25, 32 (2d Cir, 1996).*



The Hon. Kevin P. Castel
United States District Court (SDNY)
Re: Bah v. Apple et al
Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion for Reconsideration

June 14, 2021 (VIA CM/ECF)
Page 3

This availment of New York's constabulary and judicial system to secure punishment for a New Jersey theft by a New Jersey based operative is the "activity or occurrence" warranting a finding of jurisdiction over Apple and SIS for their New Jersey errors, especially under the broadened nexus test delineated by the Supreme Court in *Ford*. The desire for apprehension of the Plaintiff in New York to secure a prosecution in New Jersey is the "shared business purpose" which warrants a finding of nexus. This Court should not view the Defendant's multi-state defamation and continued prosecution of the Plaintiff even after initiation of suit here in New York in arid isolation <u>because neither Apple nor SIS did.</u>

In attempting to distinguish between due process analysis of jurisdiction and the long arm jurisdiction asserted in this matter by Plaintiff, Apple and SIS both make much of the jurisdictional limitations in New York's long arm statute regarding defamation. However, their reliance on the distinction of out of state vs in state defamation ignores the public policy underpinning these jurisdictional limitations, which were based on First Amendment grounds and protection of a free press. *Legros v. Irving*, 38 A.D.2d 53 (N.Y. App. Div. 1971  Neither Apple nor SIS share the status of a Fourth Estate institution.

To the contrary, New York courts have been far broader in their interpretation of that limitation than the Defendants contend. As this Court observed, where the defamation complained of arises from or is connected with transaction of business in the State, jurisdiction may be acquired pursuant to CPLR 302(a)(1).'" *Legros v. Irving*, 38 A.D.2d 53 (N.Y. App. Div. 1971) *(emphasis added, citations omitted)*. Under the statute**,** 'proof of one transaction in New York is sufficient to invoke jurisdiction … **so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted**.' *Kreutter v. McFadden Oil Corp.*, 71 NY2d 460, 467, 522 NE2d 40, 527 NYS2d 195 [1988].   (emphasis added)

As the Second Circuit noted in *Best Van Lines, Inc. v. Tim Walker*, 490 F.3d 239, 247 (2d Cir. 2007):

This "purposeful[] avail[ment]" language defining "transacting business" has been adopted by the New York Court of Appeals from Supreme Court cases analyzing the constitutional limitations on a state's power to assert personal jurisdiction over a non domiciliary  [**21] defendant.… New York decisions thus, at least in their rhetoric, tend to conflate the long-arm statutory and constitutional analyses by focusing on the constitutional standard: whether the defendant's conduct constitutes "purposeful[] avail[ment]" of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.

As to defamation specifically, the *Best* case, also cited by the Defendants, contains a nugget of the most important concept of "affiliation"—the expected effect of a defamatory statement and the



The Hon. Kevin P. Castel
United States District Court (SDNY)
Re:  Bah v. Apple et al
Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion for Reconsideration

June 14, 2021 (VIA CM/ECF)
Page 4

location of its damages—in discussing *Calder v. Jones, 465 U.S. 783 (1984),* a case specifically dealing with defamation and jurisdictional process.  As the *Best* court noted in discussing a National Enquirer article about a California resident:

> "Employing what has since come to be called the "effects test," the [Calder] Court reasoned that because "California is the focal point both of the story and of the harm suffered," jurisdiction over the defendants was "proper in California based on the "effects" of their Florida conduct in California."  the language of minimum contacts,  **when the defendants committed "their intentional, and allegedly tortious, actions . . . expressly aimed at California, they "must [have] 'reasonably anticipate[d] being haled [sic.] into court there to answer for the truth of the statements made in their article**." <u>Best</u> at 789–90 (citations omitted) (emphasis added).

Although <u>Keeton</u> and <u>Calder</u> were handed down simultaneously on similar subjects, they relied on independent, if conceptually overlapping, methods of demonstrating minimum contacts; *Keeton* on the defendant's overall activity within the forum state**, and *Calder* on the in-state effects of out-of-state activity.** *Best at* 243

Applying *Calder's* "effects" test to SIS and Apple's wrongful pursuit of a New York plaintiff for thefts in New Jersey through providing the thief's name and history of thievery to the New York Police Department*, as part of a continuous effort not only to apprehend the thief in New York but obtain custody for the New Jersey prosecution*, the analysis in *Best* and *Calder* warrant reconsideration, a finding of jurisdiction, and allowance of Plaintiff's earlier denied Motion to Amend.

The "global" nature of the Defendants' operations and their multi-state investigation leading to the New York false arrests cannot be lost on this Court. As the *Ford* Court noted, there has been a sea change of the business environment since *International Shoe* and its progeny, and the "global" nature of national and international businesses such as Ford—as Apple and SIS—warrants a broader and more expansive definition of affiliation with a forum.

In his *Ford* concurrence Justice Gorsuch mused about the changed environment and the oft stated formula from *International Shoe* in determining jurisdiction:

> Perhaps it was, is, and in the end always will be about trying to assess fairly a corporate defendant's presence or consent. *International Shoe* may have sought to move past those questions. But maybe all we have done since is struggle for new words to express the old ideas. Perhaps, too, none of this should come as a surprise. New technologies and new schemes to evade the process server will always be with us. But if our concern is with



The Hon. Kevin P. Castel
United States District Court (SDNY)
Re: Bah v. Apple et al
Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion for Reconsideration

June 14, 2021 (VIA CM/ECF)
Page 5

>"'traditional notions of fair play and substantial justice,'" *International Shoe*, 326 U. S., at 316, 66 S. Ct. 154, not just our personal and idiosyncratic impressions of those things, perhaps we will always wind up asking variations of the same questions. *Ford, supra* at 1039.

Justice Gorsuch's point shows the conflict between slavish attention to definitional phrases and tests, watered down and pigeonholed by teams of corporate litigators, whose clients seek to "evade the process server" in jurisdictions where they undeniably conduct significant business and purposefully avail themselves to the courts. As stated initially in *International Shoe*, **"fair play and substantial justice" is the true test of jurisdiction.**

Here, that test mandates that this Court take up the New Jersey allegations after consideration of SIS' use of the New Jersey claims to prosecute Bah in New York in light of the decision in *Ford*. Fair play requires that the Plaintiff—a young man, without the resources to throw teams of litigators at lawsuits in multiple federal district courts, facing off against the eleventh largest company in the world and its global security contractor—have his claims heard on the merits, without the needless risk of inconsistent verdicts and confusing exclusions which multiple juries reviewing the long narrative of the Plaintiff's unjust persecution might confront.

In truth, the Defendants' advocacy of an exercise in parsing damages between independent causes of action in multiple states—based upon essentially the same conduct—is neither "fair play" nor productive of "substantial justice." Given that the Defendants' conduct in New Jersey will be scrutinized by a jury in this matter to determine recklessness, how is either Defendant unfairly treated by having that behavior not simply reviewed by the jury, but having damages awarded by that jury as well? It is also important to recognize that the laws of both New York and New Jersey are essentially identical on standards for liability and causation of damages, so there is no issue of a conflict of laws which might prevent a consistent verdict across counts.

Moreover, as observed earlier, the denial of jurisdiction creates a risk of substantial injustice in conflicting verdicts from jurisdiction to jurisdiction, particularly in the area of damages. How is a New Jersey Court to tease out the "distinction" between the New Jersey defamation and wrongful prosecutions; the New York arrests, and its damages that go beyond the deprivations of liberty in Bah's arrest and confinement, however brief and however terrorizing; and the cumulative long term effects of Defendants' wrongful accusations of a multi state crime spree on his employability and economic future?



The Hon. Kevin P. Castel
United States District Court (SDNY)
Re:  Bah v. Apple et al
Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion for Reconsideration

June 14, 2021 (VIA CM/ECF)
Page 6

When weighing that fairness against the injustice worked by separating the litigation into pieces to be litigated in separate courts is considered, "fair play" and "justice" warrant jurisdiction in New York, where the Plaintiff resides, where he was deprived of freedom and where both Apple and SIS sought out the legal enforcement system, especially when the denial of jurisdiction creates an issue in New Jersey concerning its statute of limitations.[1]

Considering the totality of the circumstances in analyzing jurisdiction, and applying the expanded standard of specific jurisdiction under *Ford*, the Court is well within bounds to reconsider its prior decision and rightfully exercise jurisdiction on the New Jersey claims based upon the Defendants' connecting the New York forum with the New Jersey arrests and libels.  Plaintiff therefore requests that this Court reconsider its decision denying Plaintiff's Motion to Amend as to New Jersey allegations and allow a revised Complaint to reflect those claims.

                                        Sincerely,

                                        Daniel Malis

                                        Subhan Tariq, Esq.

DM/dm
Cc:    Counsel of record (via CM/ECF)

---

[1]    Defendants continue to attempt to mislead the Court regarding the purported delay in litigating in New Jersey.  The Plaintiffs initiated suit there only after this court did not find the specific disclosed evidence of SIS Vice President's perjured affidavit, and SIS Defendant Woodruff's identification of Bah as the New York thief based upon New Jersey investigation, sufficient to allow the Complaint to be amended … which occurred in mid-August of 2020.  The New Jersey Complaint was filed in October amidst a flurry of other pleadings filed in New York.  There was no *laches*, or anything approaching a sitting on hands, by the Plaintiff here.

 To the contrary, the only equitable doctrine this Court might examine on the issue of jurisdiction is the concept of unclean hands, beginning with that perjured affidavit, and continuing with the casual treatment of the timing of pleadings argued in Defendants' opposition.