UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
OUSMANE BAH,

       Plaintiff,       19-cv-3539 (PKC)

 -against-

                 ORDER

APPLE INC., et al.,

       Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

    Plaintiff Ousmane Bah moves to reconsider parts of this Court's February 10, 2020 Opinion and Order granting Defendants' motions to dismiss (Doc 49), and August 11, 2020 Opinion and Order denying Bah's motion to amend the Complaint (Doc 79).  In both cases, the Court held that it had personal jurisdiction over defendants Apple, Inc. ("Apple") and Security Industry Specialists, Inc. ("SIS") for Bah's defamation and malicious prosecution claims arising from the alleged thefts from Apple's New York stores (the "New York Incidents") but lacked personal jurisdiction over defendants for Bah's claims arising from the alleged thefts from Apple's stores in New Jersey (the "New Jersey Incidents").  Bah urges that under the Supreme Court's intervening decision in <u>Ford Motor Co. v. Montana Eighth Judicial District Court</u>, 141 S. Ct. 1017 (2021), the Court's exercise of specific personal jurisdiction over Bah's claims relating to the New Jersey Incidents would comply with due process.  Familiarity with the Court's prior decisions in this Action is assumed.

    Bah moves for reconsideration pursuant to Rule 54(b), Fed. R. Civ. P.  Under Rule 54(b), the Court has the "authority . . . to reconsider a prior decision at any time before the entry of final judgment."  <u>Richman v. W.L. Gore & Assocs.</u>, 988 F. Supp. 753, 755 (S.D.N.Y. 1997)

(citing Dictograph Prods. Co. v. Sonotone Corp., 230 F.2d 131, 134–35 (2d Cir. 1956)). The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Accordingly, a motion for reconsideration may be granted based upon "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted). It is not "an opportunity for making new arguments that could have been previously advanced." Assoc. Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).

Bah seeks to revive claims of defamation and malicious prosecution related to the New Jersey Incidents. The Court previously concluded that it lacked specific personal jurisdiction under C.P.L.R. section 302(a)(1) over Bah's claim of defamation premised on statements relating to the New Jersey Incidents. Nothing in Ford addressed the scope of New York's long-arm statute; rather the Supreme Court considered whether two states' exercise of jurisdiction was consistent with the Fourteenth Amendment's due process clause. As the Second Circuit has observed, "[t]he reach of New York's long-arm statute . . does not coincide with the limits of the Due Process Clause." Best Van Lines, Inc. v. Walker, 490 F.3d 239, 244 (2d Cir. 2007); see id. at 245 ("The defamation exceptions thus create a 'gap' between the jurisdiction conferred by the New York statute and the full extent of jurisdiction permissible under the federal Constitution.").

2

Accordingly, Ford provides no basis for the Court to reconsider its dismissal of Bah's defamation claim arising from the New Jersey Incidents.¹

Unlike the defamation claim, the Court dismissed Bah's claim of malicious prosecution premised on the New Jersey Incidents because exercise of specific personal jurisdiction over defendants would be inconsistent with due process. Specifically, the Court held that "Bah has failed to demonstrate the defendants' minimum contacts with New York relate to the conduct at issue in these claims." (Doc 49 at 17).

In Ford, the Supreme Court considered whether state courts in Montana and Minnesota had specific personal jurisdiction over Ford Motor Company ("Ford") in product-liability suits stemming from car accidents in those states involving Ford vehicles. 141 S. Ct. at 1022. Ford regularly conducted business in Montana and Minnesota and had advertised, sold and serviced the model of vehicle involved in the accidents in both states for many years. Id. at 1028. The Court held that such a connection was close enough to support specific jurisdiction. It rejected Ford's argument that due process requires a "strict causal relationship between the defendant's in-state activity and the litigation." Id. at 1026. Ford had argued that specific jurisdiction was proper in the state only if the particular vehicle involved in the accident was designed, manufactured or sold in that state.

As relevant here, Ford reaffirmed that specific personal jurisdiction requires a plaintiff's claim to "'arise out of or relate to the defendant's contacts' with the forum." Id. at 1025 (quoting Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty., 137 S. Ct. 1773,

---

¹ Bah has not asserted that C.P.L.R. section 302(a)(4), which extends jurisdiction over a foreign domiciliary that "owns, uses or possesses any real property situated within the state," provides a basis of jurisdiction for his claim. The Court noted that such an assertion of jurisdiction would be inconsistent with due process "[a]s there is no connection between defendants' use of property in New York and the alleged defamatory statements related to . . . [the] New Jersey Incidents." (Doc 49 at 11). Ford similarly provides no basis for the Court to reconsider this aspect of its prior decisions.

1780 (2017)).  However, the Court noted that it has "never framed the specific jurisdiction inquiry as always requiring proof of causation—i.e., proof that the plaintiff's claim came about because of the defendant's in state conduct."  Id. at 1026.  Even if strict causation is not required, the Court made plain that "the phrase 'relate to' incorporates real limits, as it must to adequately protect defendants foreign to a forum."  Id. at 1026.  Under Ford, specific personal jurisdiction still requires a "relationship among the defendant, the forum[], and the litigation," or stated alternatively, a "connection between the plaintiffs' claims and [defendant's] activities in those states."  Id. at 1032 (internal quotation marks omitted).

The Court concludes that Ford does not represent an intervening change in controlling law that merits reconsideration of its prior decisions.  Under Ford, Bah contends that defendants' significant business activities in New York and their conduct to stop thefts by the same individual in its New Jersey and New York stores establishes specific personal jurisdiction for the malicious prosecution claim.  However, Bah still fails to provide a sufficient connection between the malicious prosecution claim premised on the New Jersey Incidents and defendants' New York commercial activities.  Bah "does not allege that defendants' statements or conduct in New York were the basis for defendants' statements to law enforcement officials" in New Jersey.  (Doc 49 at 16).  Similar to his motion to amend, Bah points to a November 15, 2018 email from an SIS employee in New Jersey to New York Police Department Detective John Reinhold that published an allegedly defamatory statement.  As before, this email fails to cure the deficiencies because "though originating from New Jersey, [it] relates to the New York Incidents, not the New Jersey Incidents."  (Doc 79 at 4).  Nowhere did Ford abandon the requirement of a relationship between plaintiff's claim and defendant's in-state activity for specific personal jurisdiction to comply with due process.

4

Lastly, Bah raises various equitable grounds and other legal arguments, many of which he has already advanced. Such arguments are untimely and do not rely on an intervening change in law or otherwise assert proper grounds for the Court to reconsider its prior decisions.

CONCLUSION

Bah's motion for reconsideration is DENIED. The Court adheres to the Opinion and Order of February 2, 2020 (Doc. 49), and Opinion and Order of August 11, 2020 in their entirety (Doc. 79). The Clerk is directed to terminate the motion. (Doc 153).

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated:  New York, New York
        July 26, 2021